FILED

2020 MAR -9 AM 11: 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BY_____ DEPUTY

---

Terry Rene Chapman

(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)

-against-

The Dept. of the ARMY-DOD
And
Soc. Sec. Aministration

(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)

---

**Complaint for Employment
Discrimination**

Case No. 20 CV 636 JMC
(to be filled in by the Clerk's Office)

Jury Trial:   ☑ Yes   ☐ No
              (check one)

I.      The Parties to This Complaint

   A.      The Plaintiff(s)

      Provide the information below for each plaintiff named in the complaint.  Attach
      additional pages if needed.

      | | |
      |---|---|
      | Name | TERRY R. CHAPMAN |
      | Street Address | 714 W. Cherry Blossom Way |
      | City and County | BALTimore, |
      | State and Zip Code | MD. 21201 |
      | Telephone Number | (410) 468-4442 |
      | E-mail Address | |

   B.      The Defendant(s)

      Provide the information below for each defendant named in the complaint,
      whether the defendant is an individual, a government agency, an organization, or
      a corporation.  For an individual defendant, include the person's job or title (if
      known).  Attach additional pages if needed.

      Defendant No. 1

      | | |
      |---|---|
      | Name | SOC. Sec. ADMiN. |
      | Job or Title (if known) | OFc. of The Comm'er. |
      | Street Address | Rm#617, ALTy. Bldg., 6401 |
      | City and County | Sec. BLVD., WoodLawn, MD. |
      | State and Zip Code | 21235-6401 |
      | Telephone Number | |
      | E-mail Address (if known) | |

2

Defendant No. 2

    Name _DOD - DepT. of The ARMY_

    Job or Title _Corp. Headquarters Ofc._
    (if known)

    Street Address _1500 Defense Pentagon_

    City and County _Washington._

    State and Zip Code _DC. 20310_

    Telephone Number _____

    E-mail Address _____
    (if known)

Defendant No. 3

    Name _____

    Job or Title _____
    (if known)

    Street Address _____

    City and County _____

    State and Zip Code _____

    Telephone Number _____

    E-mail Address _____
    (if known)

    *(If there are more than three defendants, attach an additional page
    providing the same information for each additional defendant.)*

**C.**    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s)
is:

    Name _Social Security ADMiN._

    Street Address _50-283_

    City and County _Glen Burnie_

    State and Zip Code _MD. 21060_

    Telephone Number _____

3

**An attempt to secure A Notice of Right from the EEOC**

Page #4 of js44, Sec II:

* The Plaintiff request for Jurisdiction is of Other Federal Law: A request to Proceed in Federal Court without EEOC Notice of Right.

In Brief:

Dec. 30, 2019, Plaintiff called the Md. Ofc. of EEOC @ 800 669 4000; Plaintiff than was ref. to SSA-EEO Ofc., 866 744 0374, in which Plaintiff left msg., as to the Complaint Based on being a Pro Se Litigator & of VA standings; not aware of time limits in filing, to prove why a case should be taken in the US. Courts; to review issues classified based on Constitutional Matters & Rulings within another agency that led to the current state of the Plaintiff. In that, what is unique about this case is the Element of Relevancy in Pro Se being the issue Courts don't want to face in...SSR 96-8p; & in support of section 423(d) to mean the length of time out of work & its prejudicial conflicts. What is legal-ly correct in subject matter? Is Pro se right on complaint for Mr. Chapman vs, SSA & US. Army, as reason VA don't step-up to Inter-Agency Matters on Veterans Rights; & in this case what led-up to the Action of Wrongful Termination.

The Pro se happen to be a Veteran who feel He is not protected @ Relevant Parts. 12 31 19, EEO, Ofc., Ms. Crystal Johnson, 410 966 2748, return call number. Return call was made & no one was in. Plaintiff left msg to acknowledge her call & as to what steps is needed in this matter.

* Constitutional Provisions like Articles 24 or 26 of the Maryland Declaration of Rights or Article III sub sec 40, of the Maryland Constitution, are specifically designed ... the purpose of the Constitutional Provisions ...

* With respect to those causes of action, statements or promises made to the Vet not an isolated incident.  The violated Dismissal Standards should had been considered by the Higher Courts to protect the veteran.  Without Explanatory Opinion by the Supreme Court & the US Atty Gen.; discretion should vacate or reverse lower decision in remand with instructions to instate substantial Evidence in defense of the Plaintiff (evidence of the meds, the portfolio & other non-corrected issues).  Than Ruled on the Matter of Legal Correctness; documents tracking SSR, for relevant parts for jurisdiction of the Appeal Council & not that of the ALJ:  Summary Judgment 2012; to the Rehearing & Rehearing En Banc, request by Petitioner, A Motion to the 4th Cir. to Vacate ... thus, a traditional common law action not to overturn the ALJ, where a Statute establishes Substantial Evidence violations against (1520) for being out of work in Disability Law & the resolution of grievances in Merit System cases for pensions.  The abuse is having to live after being violated; the use of opioids; & Unemployment Laws not enforced to protect under Stress Relief, filed for by Plaintiff:  Md Dept of Lic Labor & Regulations, Sept. Term 2006, no. 00072.

II.     **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐      Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐      Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑      Other federal law *(specify the federal law)*:
       _SSR 96-8P,_

☐      Relevant state law *(specify, if known)*:
       _____

☐      Relevant city or county law *(specify, if known)*:
       _____

III.    **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

4

* Page #4 of js44, Sec III:


Plaintiff believe he had enter into the military as a recruiting tool & not that of the Delay Entry Program in 1985.  Plaintiff believe he was not given the journeymen level employment in 1992, due to transferring inter-agency with no proof of promise by the departing Finance Director-SSA; from St. Gov't. to Fed. Gov't.

Plaintiff believe he was "Harmed" due to being a Protected Individual:  The Veteran Service Act; An American with Disabilities; but not limited to.

The Defendants overlook at Relevant Parts that which show'd Disabilities to the wide scope of the Law Judges.  Thus, the reason why SSA Management stated, I hope you don't come back; doing the process of being out on leave, prior to separation from Fed. Service...2005...& that the Pro Se must fail...Memo. Sum. Dist. Court of Md.

The Military @ Court Martial didnot agree to change Plaintiff's MOS; to save His willingness to stay in the military; compare to those who were allow to change MOS to maintain service.  Thus, the recon in why Plaintiff was used as a Recruiting Tool for the War on Terror & not fulfilling contract of 20yrs in the Delay Entry Program...garrison quarters 1987.  Scarred as a soldier; than not being looked at in the light of RIF, as a Veteran too a Reserve Individual Force when or if that of a Gov't shut-down or Fur low, made the Plaintiff feel scarred as well; Personnel had problems with showing RIF on his personnel forms, as the Plaintiff lack the respect of that of a Discharged Officer.  This hurt when one Enlist or try to be all he or she can be.  Sown to Victory & Vanguard in Nature. The US. Army – Whooraw to God & Country.

DA 3499, Section 11, Terry R. Chapman.

A)  Newly discovered evidence.  Prior to and at trial, PVT Chapman made it clear that he had severe feet problems and that was the cause of his absences.  At trial PVT Chapman presented medical documents from his medical record documenting that problem,  all the way back to his initial medical exam.  The newly discovered evidence is the  Physical Profile Board Proceedings (Enclosure 1).  This document further documents the severe problems with his feet and also states that the profile is permanent and that he is not world wide deployable because of it. This evidence, combined with the fact that PVT Chapman has no previous record, again shows that the Summary Court-Martial action is very harsh.  PVT Chapman was in pain during the time that these incidents took place and this pain was a direct cause of his absence.  If the Summary Court-Martial Officer and the Convening Authority could not understand that before, they cannot ignore the profile.

B)  Error prejudicial to the substantial rights of the accused. At the Summary Court-Martial, PVT Chapman made a Motion to Dismiss Charge II because it was multiplious with Charge I (Enclosure 2).  The Summary Court-Martial Officer (MAJ Mitchell) dismissed Charge II and informed the accused of such. Additionally, the summary Court-Martial Officer called PVT Chapman's attorney, CPT Mugno and informed him of the same during one of the recesses.  The Record of Trial by Summary Court-Martial shows that Charge II was not dismissed, but that two figures were excepted and PVT Chapman was found guilty of the remaining charge.  This error was pointed out to the Convening Authority in the 1105 and 1106 matters, yet no corrective action was taken.  Attached at Enclosure 3 is a sworn statement by CPT Mugno.

C)  Appropriatness of the sentence.  As stated earlier, PVT Chapman has no previous record.  He has been in the Army less than a year and his only crime is that he has severe feet problems.  Because of these feet problems, (that are well documented and are not being faked by the patient) the Army has convicted PVT Chapman at Summary Court-Martial for failing to go to work because his feet hurt.  The appropriateness of this action, let alone the sentence, is uncalled for and demands reversal and/or disapproval.  PVT Chapman is not a criminal but a soldier with a medical problem.  The cure will not be found in our military justice system but only in our medical treatment facility.  The chain of command was aware of this prior to, during, and after the Summary Court-Martial action.  Their cure has not cured his medical problems but rather has scarred his record for life.



# SOCIAL SECURITY ADMINISTRATION
OFFICE OF DISABILITY ADJUDICATION AND REVIEW

## ORDER OF APPEALS COUNCIL

## REMANDING CASE TO ADMINISTRATIVE LAW JUDGE

| In the case of | Claim for |
|---|---|
| Terry R Chapman | Period of Disability and Disability Insurance Benefits |
| (Claimant) | |

| | 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 |
|---|---|
| (Wage Earner) (Leave blank if same as above) | (Social Security Number) |

The U.S. District Court for the District of Maryland (Civil Action Number SAG-11-274) has remanded this case to the Commissioner of Social Security for further administrative proceedings in accordance with the fourth sentence of section 205(g) of the Social Security Act.

The Appeals Council hereby vacates the final decision of the Commissioner of Social Security and remands this case to an Administrative Law Judge for resolution of the following issue:

- The Administrative Law Judge found the claimant's medically determinable mental impairments of delusional disorder, adjustment disorder and psychotic disorder to be non-severe (Decision, page 3). To support this finding, the Administrative Law Judge discussed the reports from non-treating sources Stephen A. Hirsch, M.D. (Exhibit 4F) and Alan M. Langlieb, M.D. (Exhibit 9F) (Decision, pages 3-5). However, the Administrative Law Judge did not address the opinion of non-examining source C. B. Moore, Psy.D. (Exhibits 11F and 12F). On November 5, 2007, Dr. Moore indicated the claimant, as a result of medically determined mental impairments, has mild restrictions in activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace and has experienced one to two episodes of decompensation, each of an extended duration. (Exhibit 11F). Dr. Moore indicated the claimant has mild to no difficulties with attention and concentration for simple, brief tasks and routines but may exhibit difficulties on occasion with more complex tasks and persistence. Dr. Moore also indicated the claimant is likely able to perform adequately in environments with limited social interactions and an ability to work at one's own pace with minimal stressors and the claimant is expected to have some difficulty handling changes in environment (Exhibit 12F). Consideration of this opinion evidence is necessary as it is inconsistent with the Administrative Law Judge's finding that the claimant's medically determinable mental impairments are non-severe.

16-1173

Terry R. Chapman v. Commissioner, Social Security Administration
Civil No. SAG-11-274
December 21, 2012
Page 3

Mr. Chapman's RFC.[2]  Social Security Ruling ("SSR") 96-8p states, in relevant part:

> [T]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

1996 WL 374184.  The ALJ's error is not inconsequential.  According to SSR 96-8p, the mental activities required by competitive, remunerative, unskilled work include:  responding appropriately to supervision, coworkers, and work situations, and dealing with changes in the work setting. *See* SSR 96-8p, 1996 WL 374184, at *6.  Dr. Moore found a limitation precluding this activity, and the ALJ did not address it.  I cannot determine whether findings are supported by substantial evidence unless the agency clearly indicates the weight given all of the relevant evidence. *Gordon v. Schweiker*, 725 F.2d 231 (4th Cir. 1984); *see also* SSR 96-8p  In so finding, I do not express any opinion on whether the ALJ's ultimate conclusion that Mr. Chapman was not disabled was correct or incorrect.

For the above reasons, the Commissioner's decision is reversed and the case is remanded for further proceedings in accordance with the foregoing Memorandum.  A separate Order shall issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[2] In finding that Claimant could perform "light work," and determining that he could perform his past relevant work as an office worker, the ALJ failed to explain how he considered the medical evidence from Dr. Moore. (Tr. 47-49).

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☑ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*: *Pro Se - Obligations*

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

*1985  And  1992 Respectful To The Defen's.*

C.   I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.   *Form 3106, OPM*
- ☐ is/are not still committing these acts against me.

*OPM,SSA - For Not Owning-up To The Opioid Crisis.*

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color_____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age.  My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*

  *For Not being Able To DO under Opioids.*

Page #5 of js44, Sec III c:


As a Vol. Worker with VA. Hosp., a Coordinator yell @ Plaintiff, you can't help me with a dam thing ... for what reason the Plaintiff did not know.    Employees stated Coordinator has health problems ... but people in authority having mental & physical issues don't want others to know.    That effects the well-being of others.    At the last position Plaintiff held @ the State Ofc., the Plaintiff's supervisor would say why did you do that; the Plaintiff's response was why did you give me a manual if you didnot want me to read it; on calls coming to my work station.    Are Blacks not to be in certain positions or around upper management making decisions?    Not limited to those of hate or insensitivity. The law address issues when authority don't apply Relevancy fairly, equally & in whole for the betterment of man & the poverty state as a result of being wrongfully treated as an employee & a Pro se for Justice.

Sincerely,


Terry Chapman, Pro Se.

E.     The facts of my case are as follows.  Attach additional pages if needed.

_See Attachments associated To_
_The Question (s) and Statements_
_Presented For Review._

_(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)_

## IV.    Exhaustion of Federal Administrative Remedies

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

_See ExhibiT #8 a-d._

B.     The Equal Employment Opportunity Commission *(check one)*:

☐     has not issued a Notice of Right to Sue letter.

☐     issued a Notice of Right to Sue letter, which I received on *(date)*

_____

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐     60 days or more have elapsed.

☐     less than 60 days have elapsed.

6

**V.** **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*See ATTachments .*

Page #7 of Js44, SEC V:

Presently the Plaintiff cannot hold his Head High in Rank or @ the income level of the College Degrees:  Plaintiff live @poverty levels & base it on the lack of Jurisprudence in applying the law at Relevant Parts.  The entitlement is due to losses in not applying the Law fair & in Whole.  The entitlement claim is to help maintain what life the Plaintiff has left.

Exemplary:

Plaintiff was told he was a model soldier but never received rank due to documents under seal or never apart of Portfolio.  Plaintiff was told that because he was working in fiscal he could come into a journeymen level in accounting which never happen.

Punitive:

For not making the Wrong Right when Court Rulings indicated erred judgment & non correcting of matter; but also include entitlements not limited to those that one brought-out in cases where people are treated differently for being Protected; but those Plaintiff is un aware of.  These issues actual damages & any way to express the hurt monetarily would help to say, loss of income + what had been stated is about 10million in fairness for issues of ongoing matter in loss of life to those who also were recruiting tools or the pro se litigant in judicial matters.

* 2million for Pro se work...who was disabled in the Opioid Crisis.

* 3million for bring to light that of the Recruiters; & the Military for not fulfilling the Promise.  The Plaintiff is still under Doctors Care @ VA who administer the Opioids.

* To determine the bases of damages of the questions presented for review to be valid toward the loss of income & if the constitutional question had been satisfied @ relevant part.  From day one Plaintiff claim non receipt of journeymen level

position @ SSA up to not being allow to be a part of a Class Action for being a field employee.  For not being allow to participate in the delay entry promise of "The Portfolio" left Plaintiff without that of an Officer, the lack of dignity & income.  Thus loss of income + satisfaction = a lifetime from 1992 to 2005 + 1985 todate without due, as a military recruiting tools; no pension; & for loss of employment in the opioid crisis.  Plaintiff left gov't @ 50,000 a yr...wrongfully terminated in 2005.

* If Plaintiff worked until 66; 16x50,000 plus (& overtime & grade increases) = 800,000 +, Est 1.5million$; the Plaintiff was not able to continue his education, Est undeterminable @ this time about a 1.5million$; the military 20yrs of ser., from 1985: Plaintiff would not had been @ Ft. Steward & situations undeterminable Est: depression was placed on Plaintiff about the "Portfolio", 1.5million$.  Plaintiff want more for being Black with no reparations or restitution, Title Vii.  Plaintiff is still feeling ostracized to a Slave Mentality; over worked and under staff, with the work falling on the ones that get little for their efforts & subordinate ways; hung-out like he ant nothing; we don't respect Him; & misinformed on the sf3106.

* Harm or Discrimination do to Employment Practices, 2million$.  Not to respect that of the Pro Se in the judicial system need the Courts to improve Relations: The same with the Delay Entry Program as a Recruiting Tool.  The issue of the Plaintiff's Relevancy to that of the Defendants, & the adjudication of not knowing if subject matter is correct, & not correcting the wrongs, 2million$.

* Compensatory Damages:

Total to be awarded in damages  13million$ to the Plaintiff.  Atty fees + interest since 1985, over the amount of the Settlement is to be paid by the Defendants to the Pro Se.

* Notes:  Not limited to the Color of Law:  The reallege of being sensitive to that which is Harmful to the Victim.  A total judgment for Favor in Rank E5; E6 due to

hardship vs. an Academy life style; Title 2 of the Soc. Sec. Act; My FERS-Pension; and Total Damages. Reparations & or Restitution, Title Vii : Plaintiff is still feeling ostracized to a Slave Mentality, the Question remains as to a formula to pay this as well. POD, Beneficary, Todd S. Oliver, Brother.

The Basis for these amounts are: The fundamental interest of poverty after the opioid medications on the Plaintiff. The Plaintiff had a job prior to the opioids; & the gov't did not aid in the veteran's need for hardship changes prior to termination. The administration's errors & the court system's abuse in discretion in granting SSA's Motion in not knowing of legal correctness within their decisions: and the Military to not adjust to the Delay Entry Promises @ Court Martial. These judgments must be reversed: Defendants were mal adjusted to the conditions of the Law. These deviations are mal to the practice of the law. Malfeasance by Defendants to the Plaintiff not to adjust to the evidence of the Plaintiff to correct the wrong in adjudicating what matters, is relevant.

Sincerely,

Terry Chapman, Pro Se,

Jan. 28, 2020.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: __3 - 9__, 20_20_.

Signature of Plaintiff _____Terry Chapman_____
Printed Name of Plaintiff _____TERRY R. CHAPMAN_____

*(If more than one plaintiff is named in the complaint, attach an additional certification and signature page for each additional plaintiff.)*

### B.    For Attorneys

Date of signing: _____, 20__.

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Address _____
Telephone Number _____
E-mail Address _____

**In The United States District Court for the District of Maryland**

Baltimore, Md. 21201 -

(410)

Terry R. Chapman

Plaintiff

V.

Soc. Sec. Admin. & The Dept. of The Army

Defendants.

NO.

(Plaintiff's Home Address)

Terry Chapman - Pro Se

(410) 468 4442 , 443 - 802 - 1060

714 W. Cherry Blossom Way

Baltimore, Md. 21201

**Question(s) and Statements Presented for Review:**

MSPB - Doc.# PH-0841-0440-I-1; Public Law 102-166-Nov. 21, 1991:105stat.1072,102d Congress.

SSA - Ref.: Supreme Court File # 17-0471; and

4th Cir. Case # 16-1173.

MSPB - Case # DC-3443-97-0153-I-1(12-16-96)

EEOC - Appeal No. 01a23860 (BMFJ) (2-22-02).

DLLR - No. 00072, Sept. Term, 2006; cc#24-c-05-007687, Appeal #0511238; Stress Relief Act, Rule 7 & Article 8 for unemployment, Appeal #0607151.

US. Army - DA 3499, Sec II (1985 - 1987).

In Brief:    Jurisdiction for Wrongful Termination and Restitution of loss(es).

I'm filing to this Court for Jurisdiction & the Judication of a Wrongful-Termination of Employment: Federal Gov't & Military Service.    At the time of Plaintiff's separation from the Federal Gov't. & Military Service; SSA, & the Dept. of the Army, were the agencies of record; they had records that Mr. Chapman was under and is still under medical care: now as a Disabled Veteran.    Plaintiff, the Petitioner try(ed) to get SSA's management to help as his disabling conditions worsen:    The Petitioner received false information about the forms he was to sign and return back for separation from federal service; as the Plaintiff failed to understand what the forms in his separation package indicated; and if He was mis-led (Military & Federal Service).    I am petitioning this Court to review the Attorney General of the U.S., & The US. Supreme Court's review of the Constitutional Matter in Terry Chapman vs. SSA: case # 17-0471(2017): & address The Md. Declaration of Rights, as to Mr. Chapman's recourse in taking jurisdiction in Mr. Chapman's Wrongful Termination for restitution of loss(es)) as a citizen of

Maryland.

Unable to get Relief from the Supreme Court on a matter of Law, from the 4th Cir., to the lower Courts; as a 100% disabled veteran since 2005; in that the Plaintiff was not protected by OPM nor SSA where he was separated from work. Plaintiff lost his FERS Pension and had not been able to get Representation, in legal matters. Acting as Pro Se, yield little in his efforts to get disability retirement from SSA; as well as proving relevance in being under Doctors care and on opioid prescriptions in 2005, the year of separation. Plaintiff's separation was done, by phone to the Phila., Pa., Regional Office of SSA and OPM: because of the lack of hands-on counseling needed in this issue, Mr. Chapman was out of work from the Glen Burnie Field Office in Md., and unable to do any work with pain and opioid induce issues. So, Plaintiff asked the Maryland Human Relations Commission to accept this case, but was advise to the Md. Court of Special Appeals, in hope that relief would aid in Plaintiff's quest for getting his FERS Pension; his Disability Retirement and his Rank as per stated to him in the Delay Entry Process of the Military. Due to being a federal matter, the State was no help. I, Terry Chapman, is writing to find-out, if there is anything I can do at this time to receive help from your Magistrate; toward a decision that will yield a favorable outcome for Title 2 of the Soc. Sec. Act; my FERS Pension; and Promises made from The Dept. of the Army; since some of these issues are out of this Court & the 4th Cir., of prior Rulings @ Relevant Parts?


To Conclude:

Your Honor, Mr. Chapman separated from Military Service, in which he believed He was to enter at the rank of E5, & with a signing bonus, based on his Portfolio, 1984. Then, Mr. Chapman vs SSA (MSPB) Appeal 06-24-1997, Chapman argue, Merit in Adverse Action: than at the 2009 and 2010 Remand issues for T2: than 2017 on the 4th Cir. level, for the jurisprudence's in the law, pleading for the Plaintiff's Rights at Relevant Parts. SSA use only portions of the law to address disability of a disabled veteran of the Arm Forces. I was not heard on these issues as no Judge would take-up the Rules established in prior cases. Unless

the Agency or the Judicial Body uphold the Rights of Due Process, the individual will be discriminated against his/her Constitutional Rights; and the agency will not be bond to ensure the individual the nature and scope of that Constitutional Right. I'm arguing the fairness that lead to the action; and that which lead too, not being heard by the US. Atty. General and the US. Supreme Court. This implies a judgment of the Court deciding the Matter as oppose to a proceeding in which the Merit of the cause of action (were not reached, e.g.,). Public Law 102-166- nov.21, 1991: 105 stat.1072, 102d Congress. In case # DLLR - No. 00072, Sept. Term, 2006, the Judge was prejudice to Mr. Chapman, in why Management was trying to oust Mr. Chapman. Mr. Chapman stated that Management told him, "I hope you don't come back. Mr. Chapman asked the Judge to question Management about the issue & the Judge did not question why Management had ousted Mr. Chapman; as Management continued with more mere procedural formalities to close out Mr. Chapman's case for no unemployment & no worker's compensation; saying He quit his job vs. He resign due to Health. Then, Mr. Chapman's reason for why the Judge did not show just cause for not questioning Management's part in ousting Mr. Chapman, was not heard in rebuttal; common to all aspects of the Veterans Act, and why the violations of Mr. Chapman's Rights in accordance to the Stress Relief Act, DLLR; but not limited to what was mounting(I solicit the Court to address Citizens Right to be heard on all levels)(in SSA discrimination on Plaintiff: females vs. males; male vs. male or more SSA discrimination on Black Men; or the medicating of the Veteran in Doctors' Care). Mr. Chapman would like full judiciary authority in applying of laws in this matter of Disability and Wrongful Termination; & a review of the writ of Certiorari filed Aug., 2017: If not a matter of ones rights, per Rule 10; but a judicial discretion: the right to be heard is part of due process, & due process is constitutional; which is compelling to the same group of people who think Arguments are given more weight to rich people than those characterize as Pro Se; or to the average American seeking justice. The last step of being Judge Fairly is the Highest Court: The relevant element is Due Process. To be Heard. This fulfilling matter is the Constitutional Element for Justice. I believe discrimination is due to not applying the law to all people: This allow the winning party(s) a decision(s) to stand in the Higher Courts against the Prudence

in the Law & the Institution to reign or stand over Citizens as lord over how to apply the law for control over the mockery of mis-stakes; or slavery to the controlling party to keep the pattern of the little man from being heard!  That is the Discriminatory Element, I have been facing @ Relevant Parts.

Petition for Consideration:

I am petitioning the court for jurisdiction in a matter of law to help a Maryland Citizen of Baltimore City: to be heard over a legal Constitutional Right.  Petitioner had been denied by several agencies and is seeking recourse on these matters.

The lack of due process in the law for jurisprudence for a fair hearing ... to determine a decision without errors or prejudice ... preconceived in judgment for being protected from that which constantly face the Black Man and Disabled Veteran and a Pro Se:  A Pro Se with limited resources do not get the same respect as an attorney within the juridical system: but not limited to cases of discrimination in the Federal Gov't.  But to uphold Rights, taken away due to the Supreme Court not wanting to hear Writs of Certiorari: or taking-up causes when the US. Atty Gen., is not willing to review or made to hear, as stated in the attached documents of Exh. #7f: or for not having the Circuit Court to address precedents of prior rulings addressing Relevant Parts: or the lower Courts not willing to overturn an ALJ's decision, with substantial evidence by the petitioner in place as a defense to show Defendants their errors: and how the defendants have and had been prejudice toward Petitioner.  Thus, the Original Complaint of the Law in whole vs. a wide scope of the ALJ's imagination for being able to feel the Petitioner's pain and argument for working under pain in past relevant work (& not being able to do past relevant work) that lead to the disabilities and chronic issues: and the prescriptions prescribed by VA Medical Hospital that lead to the separation from work: and bed dependency: or a period of disability once the Law was material in the Dist. Ct. of Md's proceedings' "for being out of work for at least a year as Relevant".

The Act

Sec.3. Purpose.

(3) to confirm statutory authority and provide statutory guidelines for the adjudication disparate impact suits, under title vii of the Civil Rights Act of 1964 (42USC 2000(e) et seq.); and to respond to recent decisions of the Supreme Court by expanding the scope of relevant civil rights statutes in order to provide adequate protection to victims...

Relevant scope could also respond to the Americans with Disabilities Act of 1990. Reasonable and good faith efforts.   e.g. complaining party, appellant demonstrated, that a respondent uses a particular employment practice that causes a Disparate Impacts; with respect to T2 or (Title2); a scope outside the Law to avoid a disabled veteran from T2 of the Soc. Sec. Act for Disability Retirement, when out of work for more than a year: on opioids by the Veterans Admin. Health Care, which led to no FERS Pension in Aug. of 2017, age 62: and a Wrong-full Termination from Federal Gov't. Service in 2005:   As well as Good Cause for needing help in Chapman vs. OPM: and if possible to address the help to allow Mr. Chapman into the Class Action Suite, Black Males against SSA; that denied him, due to Mr. Chapman being a "Field Employee" and not of HQ in Woodlawn, Md.

42USC

2000e-4

Note.   An employer shall not be excused from compliance with the requirements, sec.111.   Education and outreach targeted to individuals who historically have been victims of employment discrimination.   In hopes that I don't remain without my FERS Pension or Title 2 Retirement; and other issues of Merit; The US. Military.

I thank you very much Chief Judge.

Terry R. Chapman, Pro Se,

## Parties Associated with Case

* The US District Court for the District of Maryland, 101 W. Lombard St., Balt., Md. 21201.

* US. MSPB, Clerk of the Board, 1615 M. Street, NW., Washington, DC. 20419.

* US. OPM, Retirement Ser. - Appeals, Rm# 3449, 1900 E. Street, NW., Wash., DC. 20414-3551.

* DOD-Dept. of the Army - Corp. Headquarters Ofc., 1500 Defense Pentagon, Wash., DC. 20310.

* SSA, Alty Bldg., 6401 Security Blvd, Woodlawn, Md. 21235-6401

* U.S. EEOC - 131 M Street, 4th Fl., Ste# 4nw02f, NE., Wash., DC. 20507-0100.

* U.S. Dept. of Justice, 900 Penn. Ave., NW., Wash., DC. 20530-0001.

* DLLR - St. of Md. Ofc of The Atty Gen., 500 N. Calvert St, Ste406, Balt., Md. 21202-3651.

* Md. Disability Determination Service, 211 Schilling Cir., Hunt Valley, Md.

# Table of Contents

Table of Contents of Records Extracted .......... ii

Table of authorities .......... iii - iv

Statement of The Case .......... 1 - 4

Issues Presented .......... 5 - 8

Statutes or Rules Involved .......... 9 - 12

Statement of The Facts .......... 13 - 17

Argument .......... 18 - 26

This case is based on erred judgment or Authorities discretion for granting
Appellees' Decisions to stand against Appellant's Claim (s) .......... 1 -26

A.) Release from Military Service with pending issues. .......... 19 -21

B.) Errors by SSA -- Called "Harmful Errors". .......... 21 -22

C.) Release or Separation from Federal Ser. without a FERS Pension. 22 -

D.) A Black Male, not being allow to enter into the current Class Action Law Suit
against SSA for being in a Field Office Component of SSA verses a Headquarters
Office Position. .......... 22 -

In Brief .......... 23 -

Conclusion .......... 24 -25

Certificate under Rule 8-112 .......... 26 -

Certification of Service .......... 26 -

Case History E01-E04

i

# Table of Contents of Records Extracted

| | | |
|---|---|---|
| Docket Entries | ................... | Exh. #1 - 4 |
| Complaint | ................... | Exh. #5 - |
| Facts Common in all accounts | ................... | Exh. #6 - |
| Agencies Decisions | ................... | Exh. #7 - |
| ST. of Md. DLLR | ................... | 7a. |
| EEOC | ................... | 7b. |
| Soc. Sec. Admin | ................... | 7c. |
| OPM | ................... | 7d. |
| MSPB | ................... | 7e. |
| US. Atty. Gen. Office | ................... | 7f. |
| Veterans Admin | ................... | 7g. |
| DOD - Dept. of The Army | ................... | 7h. |
| Congressional Inquiries | ................... | 7i. |
| Court Decisions | ................... | Exh. #8 - |
| District Court Rulings | ................... | 8a. |
| Circuit Court Rulings | ................... | 8b. |
| Supreme Court Ruling | ................... | 8c. |
| US. Army Court Martial | ................... | 8d. |

## Table of Authorities

Supreme Court Case

Terry R. Chapman            v.            Comm'er Soc. Sec. Admin.

No. 17-0471 (2017).

Other Federal Cases

4th Cir. Case # 16-1173.

Terry R. Chapman            v.            Comm'er Soc. Sec. Admin., No. WMN-14-3761

Terry R. Chapman            v.            SSA, No. 1:11-cv-00274SAG; 1:11-cv-00274PWG;
1:14-cv-03761.

Terry R. Chapman            v.            MSPB, No. PH-0841-17-0440-I-1, (6-15-18)
(5-16-18).

EEOC Case No.: Class Action against SSA, (BMFJ) 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x; (11-9-1995)
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x; 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x;

EEOC Appeal No. 01a23860 (BMFJ) (2-22-02).

MSPB - Terry R. Chapman v. SSA, No. DC-3443-97-0153-I-1 (12-16-96) & its
Appeal.

Maryland Case

DLLR - No. 00072, Sept. Term, 2006; cc#24-c-05-007687; Stress Relief Act, Rule 7.

24-c-05-007687

U.S. Military - D.O.D.

US. Army - DA 3499, Sec II (1985 - 1987).

Statutes and Rules

Maryland Declaration of Rights.

The Stress Relief Act Rule 7.

Rule 8-602.

Sec.111. -- 42USC.2000(e), but not limited to.

Title 5USC

Title 38USC

Soc Sec Act Title 2


Forms

Request for & Consent of information from Claimant's Records - VA 3288

Authorization for Source to Release Medical Information to the Soc Sec Admin - SSA 827s

Certificate of Release or Discharge from Active Duty - DD214 & Correction to DD Form 214 the DD215.

But not limited to those the Plaintiff is unaware of (the Readjustment Act or RIF, relief or consideration to a Disabled Veteran) to incorporate with the US. Dept. of Veteran Affairs findings.

**In The US District Court for The District of Md.**

NO.

Terry R. Chapman

Plaintiff,

V.

Soc. Sec. Admin. & DOD, The Dept. of The Army

Defendants.

Brief for Review

## Statement(s) of The Case

This Matter concerns a Maryland resident left with limited avenues for jurisdiction in a Constitutional Matter for a legal remedy; when errors show prejudicial elements Harmful to the Plaintiff.

This complaint follows a military discharge; Honorable and Medically; with not the rank of E5, as stated by the Recruiting Sergeant and The Delay Entry Program Contract; based on work and college background, in the make-up of His Military Entry Portfolio.

The next issue is a class action suite for Black Males against SSA.

Thirdly, a Wrongful Termination from Service from the Federal Gov't, without a FERS Pension.

Forth, after receiving 100% disability from the Dept. of Veterans Affairs; the appellant received no counseling in protecting His Rights as a veteran (VEOA) before or after separation from Gov't, without his pension or T2, or unemployment, or workers comp (Va. Disab. Act of 1990).

After, a 4th Circuit of Appeal Ruling; The US. Attorney General's Office waived their Right to address the Matter; and The Supreme Court Denied Review.    This left the Appellant trying to find out why the courts will not address the 14th Amendment for Equal Protection.    The Certiorari Obligations were not met, to give a binding opinion or review of the 4th Circuit's statement; that the unpublished opinion is not binding precedence in their circuit:    This is a material & legal matter that overlook the Plaintiff's multi-chronic conditions; indicating relevance to prior decisions to uphold the Plaintiff's stance that the errors are prejudice; in not assigning weight to SSR 96-8p, 1996 WL374184, at *6, 725f.2d 231(4th Cir. 1984); & all the accounts set in this document where the errors are not inconsequential.    Questions of exceptional importance Loc.R.40(b). Uniformity in the Law Fed.R.App.P.35(a); to show fairness in the issue of Balance of Scale.

Appellees, concentrated on Appellant's Rights (& the findings) in the context of Procedural Due Process; as a "Mere Formality". The Appellant notice that procedural due process does not uncover the Military's decision not to produce Recruiting Sergeant Powell; for military Delay Entry Promising of rank E5, based on education and work background; and why the portfolio only show rank of E3 for college & no work history for the remaining Rank of E5; and the enlistment bonus with in the make-up of "The Portfolio". Thus, discharging with unclosed issues in 1987. No Pension or Title 2, from the federal gov't., after medical records indicated opioid(s) crisis for being out of work for more than a year for "Disability"; but merely rewrote the RFC report to avoid the Remand issue to complete an uncompleted report.

As in SSA vs. Black Males for Justice; Evidence #7b, Mr. Chapman was trying to state that Blacks in the Field Offices are over looked, over worked and under paid; but "Field Black Men" are not included in the suite with HQ's. Again, statements like the in House Negro and the Field Hand keep coming-up: These are discriminatory, harmful, emotionally degrading & hateful; with no grade increase as Mr. Chapman and others hoped for in the settlement; something other than just a monetary amount. One has to keep fighting "Marginalization" within the fabric of the above stated Agencies (why some received a retro grade in the grievance & other class members in the same situation did not). The Field Employee is always the Blount of Disenfranchisement to situations HQ's Employee has access to; ...

I, was in a position as a CR-0105 series that Upper Management refuse to Journeyman to a GS-12; as supported in Grievance with the Federal local union and employees of SSA; but several women and Whites were given GS-12, in that position doing the same work. How is it that institutional Discrimination took the face of current issues after non Stagnation in Grade is no longer an EEO Matter; and Women's Rights address pay for all and not address the Black issue of Parity for all?

Each issue of "Procedural Formalities" led to a set-back for Mr. Chapman. Mr. Chapman is trying to show that Gov't Discrimination on Him is clear: That a wide

range of the scope used by the ALJ and Court Judges not to adhere to the Declaration of Rights; that protect the Constitutional Right, that Balance the Scale when the Victim had Evidence to support the Claim.

In Mr. Chapman vs. SSA and DOD and OPM and MSPB, an introduction stating that in Counsel's Judgment, a material Fact or legal matter was address; overlooking; a conflict with a decision in each agency; was appeal or dismissed in question of exceptional importance: Certiorari obligations; to give a binding opinion:   The 4th Circuit stated that unpublished opinions are not binding precedent in their circuit:   How can the 4th Circuit make a decision in Chapman vs. SSA, when argument is about hearing 1996WL 374184, according to ssr96-8p (4th cir. 1984) that Mr. Chapman was not disabled is correct or incorrect, on the no Hearing(as stated), it wouldn't add to the issue) & the Denial on the Petition for Rehearing & Rehearing En Banc?   This is a material & legal matter that overlooked the Plaintiff's evidence of multi-chronic conditions for being out the work force.   Inter-Agencies working to create, in the court system a means to Deny Relevant work by the Plaintiff as Piss Poor; Pro se Arguments; not with-standing, Due Process, as informal not relevant; as mere occurrences in standard issues, always used in a class of People of low income; that receives a formal decision without a formal hearing.   This type of Discrimination Hurt those who are in these cases.   Review of the entitled, Prudence within the Law, Plaintiff was victim to women and men of several Races that had Discriminated on Him.   Due to His lack of council with adequate knowledge to want to defend against Gov't Agencies for Mr. Chapman, the Plaintiff became a Pro Se:   The Courts nor the Agencies in question would take-up arguments of Merit in the Petitioners defense for Motions or Favor in a Decision in each of the Matters of Question.

Mr. Chapman claim he sign-up for a Career En-Listment in The US. Army; a "Contract" to get Him in the Door as stated by RS Powell was a recruiting tool; and was not the original Contract of The Delay Entry Program for 20 years and entry rank of E5 based on His "Portfolio" 1984.

The Soc. Sec. Act, called Title 2, for Disability Retirement; documents indicate

substantial evidence for advancing in age as chronic conditions mounted...then the opioids crisis was real to those VA testified to; as SSA looked the other way; when in doctors care as a patient with VA; Mr. Chapman transform from the work force to a life of disability; in which Plaintiff lost His FERS Pension; due to being missed inform as to what the forms meant, as he was processed out of the field office of SSA by mail; from the Phila., PA., Regional Office; with no retirement help from the local jurisdiction in Woodlawn, Md., the HQ of SSA.   Thus, due to the mindset and conditions of an opioid induced situation, "Errors are Harmful" to that which Plaintiff could not justify why SSA continue to adjudicate leaving Plaintiff to show why prejudice was or was not "Harmful"; and why SSA did not considered "Opioids" as a Crisis.   DLLR nor DDS(State Disability Determination) would not address stress relief; or meds as narcotics after receiving authorization to request information needed from VA; & as to the medications patient was on.

The Class Action Suit against The Comm'er of SSA; discriminated against Black Males in the field: who face more Hardship than those in HQ, in which the Suit is for.   My Case at MSPB, Wash., DC., is still Pending; PH-0841-17-0440-1-1, for my FERS Pension.

Note:   Federal & State Court Cooperation...together can identify sources of potential tension (e.g., conflicts of inter-agency issues for correctness of a decision, passed on to stand without evidence of merit as to the prior decisions' complex litigations for not wanting to overturn the ALJ or correcting of motions & remands) ... The Judicial Improvements Act of 2002; 28usc (e.g., to entertain arguments from Pro se over correctness in the law,   when Plaintiff argu deviations & the sorts of conduct raised, too be-little Pro Se, to that of the Administration:   Conduct prejudicial & bias to the effective material stating, Plaintiff has substantial evidence to support disability.   No Judge requested a poll under Fed.R.App.P.35 on the Petitions & left standing the lower court ruling for not knowing if the ALJ ruling is correct under the District Court; & why military will not recognize the work background.   According to the 4th Cir., the plaintiff's argument would not aid in a decision that is based on the lower court not knowing if the ALJ is correct.   Note in pleading the Law vs. a Wide Scope for deviating.

## Issues Presented

1.)    Did The Supreme Court dismiss The Petitioner's request for Writ of Certiorari, based on "Mere Formality"; or "Procedural Formality"?    Or is this Cause, that the Pro Se had shown and the Court need to determine if Precedent can be made for a Fair Decision to be based on "Erred Free Findings"; & or is this Pro Se to be of formal logic, a formidable character of this legal process?    Is the Court's Ruling corroding the system for fighting what matters in error free Judgment; the Right to be innocence without errors?

2.)    Did The US. Atty Gen Office wave their Right to address a Constitutional Matter as a Mere Formality, when The Matter of Due Process is an issue for Citizens of the United States the Right to be heard(Constitutional)(a way for low income, the masses, special elections, to be heard)?

3.)    Did The 4th Cir Court reframe issues from addressing issues Ruled upon in prior years on Relevant Parts?    Thus, an err not to accept the Appellant's Case for over turning of a lower court decision; when the lower court stated, sickness is a good cause for separating from the work force; and addressing the law in question at SSR96-8p: for remand back to the District Court; or why not make right the Veteran in whole on the Higher Level.

4.)    The US. District Court for The Dist. of Md., adopted an Order denying Plaintiff; affirming Commissioner's Judgment to sentence 4of 42 USC.ss405(g): Know that the Soc. Sec. Act, stated, when out of work due to sickness or disability(s) or disabling conditions for more than a year, is a condition for T2 Disability 1520:    In which the Appeal Council of SSA refused jurisdiction of the matter of the wide range of the ALJ's scope outside of the remand to develop; if the matter of the ALJ is legal.    Plaintiff reference to the Law for disability of the Veterans 1990 Act.

Thus, I ask; did all the Defendants or Parties deviate from the law for a Mere Formality Decision in Appellant's Right to have the respected Decision, Based on Error Free Findings.    Or do they just don't care about attorney non attorney cases?    Did

The Dept. of Disability Ser. or DLLR weight the needs of the Plaintiff who stated He was in need of health benefits and an HMO at a time when VA was caring for the in-flucks of vets deploying back from duty vs the older vets, like myself who was fighting for other types of pain management, other than the pushing of opioids?  This left the veteran without income when he took sick from job related issues of the claimants he was interviewing for disabilities.   No unemployment or workers compensation was paid to assist the veteran; ref. Md Court of Special Appeals from Md St DLLR.

Reasonable Acceptance, important in law that can not over look evidence for Disability; to judge matter in whole or the Fullness of the law; 42usc and 20cfr404.1520(a) "Harmful Errors"; and in Published Findings, not to address Plaintiff in Relevant Parts; 725f.2d231 and 1996WL374184, at *6 (see SSR96-8p): Gordon V. Schweiker; and 201.00h: found to be severe 7-14-09, ALJ Hearing. The Comm'er allow the err in law to grow beyond the Balance of Scale (4sen of 205(g)) of the S.S. Act; see 28usc, for lack of Judgement not to accept jurisdiction to address Inter-Agency Rules in Vet Emp Opp Act; over SSA disregard for not being able to see pain or feel pain in plaintiff at 20cfr404.970 and 20cfr416.921. These conditions of Opioids induce, was keeping Plaintiff from working with Muscle pain from feet, lower back and shoulders (post2007 Title 42usc).   The Defendant, SSA, stated, ill will; in saying "The Plaintiff must fail" pg#22 of 34, document 23-1, filed 9-28-11:   Case# 1:14-cv-0376IWMN; in a long struggle with an issue of law in which the Plaintiff had substantial evidence in 1:11-cv-00274PWG, 9-28-11; section 423(d) ... or which has lasted or can be expected to last for a continuous period of not less than 12 months ... for purpose of paragraph (1)(a) -- The Process should stop for Disability.

The Plaintiff's 5-19-15 request to the District Court was to not assign the case back into the same channels that not address the issue in earlier rulings as relevant evidence:    The remand; But to address the Letter of The Law in Substantial Evidence of the Plaintiff; and not uncompleted documents, deviations and err toward the Plaintiff as Prejudicial in Law (SSA)'s inconsistencies to be inconsequent to this case is a Matter of Extreme Importance).   Relevant Part; Steroids could only be use for a period of time; as I aged, I sort other treatments.

As the ALU could not determine pain in my body at any point of the "Process," or if I could work without discomfort, 404.1520.   Extreme importance to 20cfr. part 404, subpart P: even for a closed period: more than a Board Policy or Procedural issue that may affect Public Interest in the ALU methods is and was in question.

The Magistrate Judge stated health is a good reason to look for a less stressful job; or to leave work.   I made a decision based on my health advisors.   SSA Ruling's and medical records for being Protected, 5cfr of the Veterans Employment Opportunities Act for Harmful Procedural Errors was overlooked and also, by the Md State DDS for Stress Relief, Rule 7.

5.)   Did the 4th Circuit Court dismissal supported by errs of the lower courts; and 'not to accept 1996WL37418, a 4th Cir ruling, an over sight of established Law a key element, Relevant to SSR-82-41, question why ALU moved from 20cfr416.921; SSR96-8P?   A grave constitutional question surrounding proof, errors, what's prejudis: until proven that a decision had not violated the Rights of that Citizen, an Opinion in Chapman vs. SSA & the Parties to the question to uphold the constitutional general welfare of the veteran, a disabled citizen & the Matter of Law should not had been waived by the US Atty General.     The ill will of Agencies, Lawyer & Judges in the fast tracking racket of the exposed nature of what was looked into by SSA, OHA, DHHH, now still a way to get at what merit cases being decided on "Host Decisions." Or repair the interest of those laws the agency is suppose to serve, 38usc5103A(a)(1), in Application of what Matters.

6.)   EEOC & The MSPB:     Did appellees wrongfully discharge appellant in violation of clearly established public policy in the crisis of a Veteran; the Opioid Addiction?   Was the appellant subjected to the agencies Sovereign Immunity of the Particulars?

7.)   US. Military:     Did the military termination, cost Mr. Chapman Undue Hardship; and in denying status as an NCO?   The Military released the Plaintiff before settling the "Promise" of Recruiting Sgt. Powell, the Original Contract: the entry of the plaintiff into the military from the Delay Entry Program as an E5 and placement into the NCO Academy?

8.)   Formal & Informal Hearings to support Formalities in judgment:   motions to suppress Plaintiff by filing untimely administrative records.   Case # 16-1173, filed 3-31-16; the Plaintiff stated SSA has a history of not sticking to court order demands, for filing and giving court order issues the weight of the Law; Plaintiff's response date 4-4-16.

Being disabled the Plaintiff don't know what to think about: ASG: MCV 2011V00152, civil no. pwg-11-274.   Defendant asserted action by the appeal officer's denial of Plaintiff's Right to a hearing before an Admin. Law Judge. Thus, over-looking the facts as to the reason for the claimant's Request:   Dated Response from Scheduling Order in Accordance:   The Plaintiff's Motion in Summary and Supporting Memorandum of Law, 6-6-2011; District Court.   Than not wanting to disturb the ALU Ruling; for substantial evidence of the Plaintiff, 12-21-12, SAG-11-274 Document # 26, page 3of3:   Chapman's Response filed 3-1-16, case no. 16-1173, 4th Cir.:   Plaintiff is seeking a new Ruling from the Higher Court.   Plaintiff responded about equilibrium for falling & the purpose for 404.1520, & the need for Pro se correctness for what was overlooked; as Plaintiff question lower court for the reasons it stated for disability & still didnot side to look into the correctness of the agency.   The Plaintiff believe that the conflict with SSA lack of jurisprudence for the law, is due to not wanting to address Jurisdiction for the law; a trait in discrimination.   Thus, a dismissal of SSA, to address the errors for the deceit that manipulated the RFC that manifest to the Higher court that didnot address the issue at all, for the zombie feeling on Risperidone, naproxen & tramadol & oxcicodone; & took these finding as allegations & not evidence for disability 1520(a)(4)(ii).   This showed in a economy downsizing, prejudicial in light of the lack of merit in accordance with 42usc405, 4th Cir 1984, not to disturb the ALU Ruling overlooking 4th Cir 1996; all relevant to 404.1520c; 405g; and 1383c of title 42usc, post 2007:   Disability began in 1985 & increased over the years & the changes in the work place as well.

**Statutes and Rules and Relevant Parts**

5CFR, sub sec 1201.56

5CFR, sub sec 1208, subpart C

5CFR, sub sec 3330(a)

Agencies errors are relevant parts; the courts nor the agencies would address the cause for why Petitioner was doped or placed on opioids and left Wrongfully Terminated.    Scope & Policy for mere procedural decisions, for being out of work for more than a year; judicial review is needed for a just cause when petitioner was requesting his rights under the Declaration of Rights in Inter-Agency Matters.

1201.11 subpart B

1201.120

VEOA -- Veterans Employment Opportunities Act, 5CFR

No unemployment or workers comp when evidence of VEOA was valid:    Mr. Chapman received no relief when he requested The Stress Relief Act, on State & Federal levels @ DLLR - Balt., Md., Hearing ... When veteran asked for help when Employees Assistance Program (EAP) stated management has to make a decision: Management, EEOC & Veterans Admin., didnot help in separation from service. Which led to no FERS Pension or T2 Disability Retirement.

Title 38 of the code of Federal regulations

20CFR 404.1520: 201.00h: 205(g)

42USC (405(g))

4th Cir. Ruling WL374184, see also SSR96-8P

Initial issue 20cfr404.1520(a), Bilateral Pes Planus.    Basic work 20cfr416.921.

CV-SAG-11-274 the court determined...ALJ decision is not supported by substantial evidence...it did not indicate the exact listing(s)each issue the appeal council & the court indicated; 1520(d), 1525 or 1526, but not limited to the carrying on of the inconsistencies: 42usc sub sec 405(g), 1631(c)(3).   Never addressing the initial issue, the feet, the opioids, working in pain & the Zombie State of being, the errors, 20cfr404.970, 20cfr.pt.404subpart p. appendix 1(listings).   6-6-11 cv-pwg-11-274 memorandum of law always been 20cfr404.1520 ASG:MCV2011v00152, the US Dist. Court for the State of Md., for being out of work for more than a year.   Exhibits 11f & 12f of Tr., cv-sag-11-274. The courts took the Comm'er's arguments for treatment to deny Pro Se for prudence in Plaintiff's favor for the law.   Document #25, page 6,7,8 from 2006 to 2010, the increasing in sickness was still deviated from in the economy recorded by layoffs & job downsizing & eliminations; & Plaintiff's limitation wrongfully. Thus, the inconsistencies for doing Sedentary work.   For Mr. Chapman the issue of Pain is Relevant to the conditions of advancing in age Mentallly & Physically. For SSA & the Courts to carry on the Comm'er's means to justify errors in considering all the issues; didnot allege the Plaintiff had evidence that sedentary work is not an option for his conditions.   Mr. Chapman properly pointed out errors was "Harmful" to a decision that viewed substantial evidence one sided & therefore supporting prejudicial conflicts; for ongoing sickness since 2005 & increasing in difficulty.

38USC sub sec 5013A(a)(1)

Rule 7 -- Stress Relief Act

Pain as "Debilitating" entitling insured to disability under 103 of the Soc. Sec. Act (42USC, sub sec 423).

The Process to stop if disability was found under Applicable Law (20cfr416.921) or (20cfe 404.1520(a)(b)(c)): cv-1:11-00274pwg and wmn-14-3761 Judge Gallagher, 12-21-12.   Opioid induced: as medical records stated for use in pain.   The Law in full 20cfr404.1520 and its ongoing multi conditions as in advancing in age 201.00h; or pain as the matter in question: (20cfr416.921) & 20cfr404.970, evidence not address in accordance with Soc Sec ruling 06-03p; vocational expert

occupational base...pg#637 of tr., hearing 11-26-13 (the inconsistences).    No review by the Dept. of Justice or The Supreme Court...this court may exercise jurisdiction under 28USC.sub sec 1254(1).    The opioid crisis; stress relief; or wrongfully terminated from work, based on Medical Vocational Guidelines upon attainment of various age categories.

Terry R. Chapman v Commissioner, Social Security Administration
Civil No. SAG-11-274
December 21, 2012
Page 3

Mr. Chapman's RFC.[2] Social Security Ruling ("SSR") 96-8p states, in relevant part:

> [T]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

1996 WL 374184. The ALJ's error is not inconsequential. According to SSR 96-8p, the mental activities required by competitive, remunerative, unskilled work include: responding appropriately to supervision, coworkers, and work situations, and dealing with changes in the work setting. *See* SSR 96-8p, 1996 WL 374184, at *6. Dr. Moore found a limitation precluding this activity, and the ALJ did not address it. I cannot determine whether findings are supported by substantial evidence unless the agency clearly indicates the weight given all of the relevant evidence. *Gordon v. Schweiker*, 725 F.2d 231 (4th Cir. 1984); *see also* SSR 96-8p In so finding, I do not express any opinion on whether the ALJ's ultimate conclusion that Mr. Chapman was not disabled was correct or incorrect.

For the above reasons, the Commissioner's decision is reversed and the case is remanded for further proceedings in accordance with the foregoing Memorandum. A separate Order shall issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[2] In finding that Claimant could perform "light work," and determining that he could perform his past relevant work as an office worker, the ALJ failed to explain how he considered the medical evidence from Dr. Moore. (Tr. 47-49).

## Statement of The Facts

The Plaintiff or Appellant in this matter only have what is presented in the material being forward to substantiate His claim for being Wrongfully Terminated; from Military and Federal Service; and denial of his FERS Pension. Appellant will outline the background as reflected since Dec. 1976, when employment began in the Federal Gov't., Jan. 2, 1977, at The NIH, Bethesda, Md.; and The Military Armed Forces in 1985.

Case # PH-0841-17-0440-I-1, is still pending with the MSPB, Wash., DC.; for the FERS Pension of Mr. Chapman, filed 8-12-2017, age 62. Mr. Chapman separated from the work force May 2005; after he was place on opioids for pain; as a Disabled Veteran; By the Veterans Affairs Admin, under Doctors care at the VA Hosp. Facility in Balt., Md., in 2004.

The Military released the Plaintiff before settling the "Promise" of Recruiting Sgt. Powell: the entry of the plaintiff into the military from the Delay Entry Program as an E5 and placement into the NCO Academy.

Plaintiff alleged he should not had gone to Fort Stewart, Ga., but to the NCO Academy from Fort Jackson, SC. Ft. Stewart is where Mr. Chapman was discharged from after winning his Motion: also, requesting not to be discharged but for a change in MOS to compensate for Flat Feet and that which was promised at Entry.

Mr. Chapman filed an initial claim for Disability Retirement with SSA in 2007. SSA Routine Administrative Practice for denying claims, left Pending Resolutions to the ALJ's Board Range, and not to the limits of the Law; all the way to the US. Supreme Court. This left the Plaintiff with a "Host or Ghost Decision"; as to if the ALJ was fishing for a way to keep 20CFR 404 process out of Favor for Disability; as address to The US. Atty. Gen., 10-5-2011, and the US. Supreme Court in 2017; as to the legal-ness of the ALJ's decision. The Veteran try to use the services of OPM but His form 50 & 52, Personnel Actions never show RIF for item# 26, Veterans Preference to reflect Protection Status. Plaintiff's current history

for Title2 still show errors in Applicable Law in order to make Plaintiff show Prejudice; and how prejudicial this case had become in the Prudence of issues shown though-out proceedings (page#638 tr., SSA Hearings).   The Plaintiff had turn to the Maryland Court of Special Appeal to file against the Dept. of Labor Lic. Reg., & SSA for Help with unemployment & workers compensation after Wrongful Termination of him: for Jurisdiction of His Rights as a Maryland Resident, a Veteran of the US. of America for Stress Relief.

Plaintiff alleged the overlooking of materials of Binding efforts of VA: to the Denial of Mr. Chapman since his initial claim for disability from SSA.   A conflict in which the Plaintiff could not do past relevant work.   As VA stated, Plaintiff is in need of a less stressful job.   Which-led to EAP telling management they have to make a decision; which led to an unsuccessful work occurrences, in VA findings since Plaintiff last worked in 2006: as the 4th Cir. continue to affirm lower ruling to deny Mr. Chapman based on: Jan. 9, 2017 Decision: and Petition for Rehearing & Rehearing En Banc 3-21-17.

In Brief:

Compel to address jurisprudence in this matter of Relevant Parts.   These agencies and the judicial courts are affecting policies in area of Pro Se litigations. That would apply the law in whole or in its integrity (mutually not applying the law equally).   Such power in this decision, adopted a policy of interpretation; rather than use the interpretation known as the "Letter or Full Length of The Law".   Implementation of the decision of the 4th circuit is not showing precedent of the higher court, but the lack of SSA subject matter that influence the courts in their decisions against the appellant name Terry Chapman, a disabled veteran.   The appeal council didnot want jurisdiction in the law of errs of the ALJ: and the courts didnot want precedence over the portion of the law showing disability.   The inconsistencies continued at pg 6of8, document 28, filed 1-7-16:   The ALJ not a Doctor stated, "Little Weight" to the opinion of Dr. Moore. Tr.507 ... id ... even if there is other evidence that may support Mr. Chapman's position.   Unknown to the Plaintiff, vertigo is in the records.   SSA never completed the medical documents for the RFC to be valid, to support any wide

range of the ALJ: or what is withstanding in the correctness of the law.    The court continued with the prior Rulings in considering the entire record; the court filed an Unpublished Opinion not binding 1-9-17.    What makes this a finish issue in Chapman vs. SSA, if the Courts donot want jurisdiction over a matter of the law to bind a decision, in a matter: indicating weight to all the evidence, (4th Cir. 1984)?    At Relevant Parts, all of the medical advice indicate no new development from SSA since Dr. Koppelman in May 2007; or in the Initial Decision.    All of SSA Rewriting of prior reports or the RFC, never developed the Remand Order on the AC Level or the District Court Level (just restating of the inconsistencies).    The Process should had stop at Step #2; in that (20cfr 404.1520(a)) is met.    Step #3; (20cfr part 404subpart P, appendix ((20cfr404.1520(d)), 404.1525, and 404.1526):    The Reason for the Remand -- Activities on a sustained basis, thus not considering all issues SSA erred in: and judgment not to apply the law in favor of the Plaintiff, Mr. Chapman: (20cfr404.1520(e) and 404.1545; SSR 96-8p.

*    11-5-14, AC Denial, ex#11F & 12F, stated the ongoing conditions of the Plaintiff and of medical determinable impairments present ... pertinent symptoms, signs, and laboratory findings that substantiate the presence of the impairments:    All the reasons the Plaintiff was put on Risperdal, oxycodone and other narcotics: in that the courts found reasons to state the evidence support more reason for disability than not:    But did not want to over-turn SSA as long as the law was applied to support SSA's side and not in Whole with the law to support the Pro Se!    The Pro Se, had shown SSA & the lower courts' failure at 20cfr404.970 and 20CFR416.921; not being able to perform basic work activities. Pain as "disabling" entitling insured to disability under 103 of the Soc Sec Act (42usc sub sec 423), and 20cfr404.1520; ongoing multi conditions as he was advancing in age, 201.00h:    Evidence not address in accordance with Soc. Sec. ruling 06-03p; vocational expert occupational base ... pg#637 of Tr., hearing 11-26-2013.

To Close:

The Argument is to apply the law in its whole:    The prudence in the law for

fairness; that which is right or compensation...as a disabled veteran or person.    It is Due Process per the Constitution: and not that of a body acting in a quasi-judicial capacity: but as Constitutionally Defined (for the law or face disbarment) (loopholes preventing disabled veterans or citizen) to be heard (on err within decisions that show prejudice; and ongoing concerns that need not to be faced with res judicata & collateral estoppel) in issues that will close holes in discrimination.    My Petition for Rehearing and Rehearing En Banc, is Based on Counsel's judgment in the errors that SSA did not adhere to the rules of applicable Law (20cfr404.1520(a)): at step 3, where the process should had stop: for a favorable decision for the Plaintiff.    Thus, SSA Decision was based on an in-completed RFC Report, civil no. sag-11-274: involving one or more questions of exceptional importance: and a material factual and legal matter that was overlooked in each of the Agencies of Record.    The Military left Mr. Chapman at a pay grade of E-1, E-2 life style, and not of a Non Commission Officer, prior to discharge & an E3 after discharged.    T2-DDS & DLLR left Mr. Chapman without income; more stress & poverty after unsuccessful work attempts.

16

In lieu of
Standard Form 50-B
Rev. 7/91

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|---|
| CHAPMAN, TERRY R | | 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 | 08/12/55 | 01/11/04 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
| 894 | PAY ADJ | | |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| QWM | REG 531.205 | | |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |
| ZLM | EO 13333 DTD 03/03/04 | | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| SOCIAL INSURANCE SPECIALIST CLAIMS REPRESENTATIVE S2D3LZ02    03C3610 | SOCIAL INSURANCE SPECIALIST CLAIMS REPRESENTATIVE S2D3LZ02    03C3610 |

| 8.Pay Plan | 9.Occ. Code | 10.Grade/Level | 11.Step/Rate | 12.Salary | 13.Pay Basis | 16.Pay Plan | 17.Occ Code | 18.Grade/Level | 19.Step/Rate | 20.Salary/Award | 21.Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 0105 | 11 | 02 | $ 51129 | PA | GS | 0105 | 11 | 02 | $ 52279 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| $ 45075 | $ 6054 | $ 51129 | $ 0 | $ 45607 | $ 6672 | $ 52279 | $ 0 |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| OPERANS ORC OFC REGNL COMM PHILADELPHIA AREA DIR #2 FO, GLEN BURNIE, MD | OPERANS ORC OFC REGNL COMM PHILADELPHIA AREA DIR #2 FO, GLEN BURNIE, MD |

## EMPLOYEE DATA

| 23. Veterans Preference | | 24. Tenure | | 25. Agency Use | 26.Veterans Preference for |
|---|---|---|---|---|---|
| 4 | 1-None            3-10 Pt. Disab.      5-10 Pt. Other 2-5 Pt.         4-10 Pt. Comp.       6-10 Pt. /30% Comp. | 1 | 0-None        2-Conditional 1-Permanent    3-Indefinite | M   SEX | YES [ ] NO [ ] |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| B0   WAIVED FEGLI COVERAGE | 9   NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31.Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| K   FERS & FICA | 02/07/87 | F   FULL-TIME | |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1   1-Competitive Service   3-SES General 2-Excepted Service   4-SES Career Reserved | N   E-Exempt N-Nonexempt | 4006283 | 1535 |

| 38. Duty Station Code | 39. Duty Station (City-County-State or Overseas Location) |
|---|---|
| 24-0673-003 | GLEN BURNIE,ANNE ARUNDEL,MARYLAND |

| 40. Agency Data | 41. VET-STAT | 42. EDUC LVL | 43. SUPV LVL | 44. POSITION SENSITIVITY |
|---|---|---|---|---|
| CLS    00 | P | 17 | 8 | NONSENSITIVE/LOW RI |

45. Remarks

NEW EXECUTIVE ORDER IN NARRATIVE SUPERSEDES E.O. 13322, DATED 12/30/03
SALARY INCLUDES A GENERAL INCREASE OF 1.2 PERCENT AND, IF APPLICABLE, A
LOCALITY PAYMENT (OR OTHER GEOGRAPHIC ADJUSTMENT) FOR THIS AREA.

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official | |
|---|---|---|
| SZ - SOCIAL SECURITY ADMIN | *Laurie Watkins* | SZ00091166 |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | AUTHORIZING OFFICIAL 040444114 |
|---|---|---|---|
| SZ00 | 1166 | 01/11/04 | |

# Argument

Each level of the judicial process erred in allowing the lower rulings to take a stand on the SSA's, ALJ's Broad Range of Scope to deviate so far away from the Law to incorporate the Harmful Errors of this Case.

The Court on the Circuit level didn't want a hearing and didn't want to rule on Statues of Law of a Matter Ruled on in 1984 and 1996, nor the Protection of the Veteran to place the case aside until there was a quorum.

Than The Atty Gen waived his office Right to address the Rights of a Constitutional Matter of Due Process for the Plaintiff to be Heard.

The Supreme Court Denied to Hear The Writ of Certiorari of The Plaintiff.

My argument is in Parts:    One, The Courts erred or abused its discretion in Granting Social Security the broad range of the ALJ to super seed the Findings of Law or rule on its legality.    Once Relevant Parts was looked at as "Harmless Errors", a Host Decision though-out; kept Mr. Chapman from due process in a constitutional matter of law vs. Mere Procedural Dismissals.

Secondly, as Plaintiff stated inferences to draw from; light was used to address the DLLR Judge to the supervisor's statement, I hope you don't come back - to the misleading of form 3106; and Comm'er's Statement "The Plaintiff Must Fail"; Motion to The District Court 2011, 9-28, case #1:14-cv-03761, document #23-1. The Decision moved from the Drawn facts and the law, to not accepting Substantial Evidence of the Plaintiff; that kept him out of work...Stated that in a long struggle with an issue of Law in which the Plaintiff has substantial evidence in 1:11-cv-00274PWG, 9-28-11 for disability; sec 423(d) to mean (1)(a) ... or which has lasted or can be expected to last for a continuous period of not less than 12 months...for purpose of paragraph (1)(A) -- The Process to stop for Disability. Plaintiff sort Review of a motion which Relief could be Granted and the reasonable and logical inferences that Health was a Good Reason to separate from Employment:    As advised to seek a less stressful job; VA-Md Health Care,

2004: and Hearing in 42usc...by a Magistrate Judge in 2011, Supporting Memorandum of Law Applicable to 201.00h, reasonable acceptance as important in the Law.    Dismissals & denying Plaintiff as a requirement not to over-turn an ALJ is not supported by Law in Remand or Relief in the 14th Amendment for Due Process.    The question of how to disbar when similar rulings prevent relevant parts on one side of the scale that is not heard or ruled on as irrelevant in prior decisions to overturn.    With no help from the 4th Cir., on being heard; to be irrelevant or un precedential.    Which leaves the agencies & the courts in a larger situation of Fast-Tracking cases as in the 90's & early 2000's of SSA-OHA: where by cases were denied by ALJs so corporate lawyers can get the 3000 or 5000$ on appeal or reconsideration: SSA vs. The Public.

Last-ly, the Dept. of the Army express no concern about a portfolio for E5 Rank. Disciplinary matter lead to hardship and less rank per DD215.    Financial Hardship incurred when what supposed to be a 20 year career ended in 1987 for a career following Civil Service decision to move Plaintiff into a FER System; that yield no FERS Pension in an Opioid Crisis in 2005.    Seeking Help, the Dept. of The Army no longer address correspondence about rank; and no other information followed the DD215 for change.    The Plaintiff complaint of missing forms in the DD4 and DD1966 and Ref. materials; SFMR-RBR-ST/JLS; AR20060015619, dated: 5-4-2007.

The concepts of Retaliation & Discrimination work hand & hand to create retaliatory hostile work environment claims as in Wrongful Termination: Chapman vs. SSA, an MSPB Case for loss of Pension; PH-0841-17-0440-I-1 (6-15-18) (5-16-18).

A.)    Release From Military with Pending Issues ...

The termination constituted an improper action - A violation when a Soldier is discharged with unsettled debt or issues (exh. 7h & 8d).    Mr. Chapman bar to re-enlistment came in July of 1986; the Court Martial was in Oct., 1986, in which Mr. Chapman won his motion and Clemency was not executed; thus, Mr. Chapman was in for the time frame to be promoted to E-4, and the corrected

CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES          ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID

## CORRECTION TO DD FORM 214,
### CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NUMBER (Also, Service Number if applicable) | | |
|---|---|---|---|---|
| **CHAPMAN TERRY RENE** | **ARMY/RA** | | | |

| 4. MAILING ADDRESS (Include ZIP Code) | | | | |
|---|---|---|---|---|
| **8256 OLD MILL RD   PASADENA MD   21122** | **216** | **60** | **5966** |

5. ORIGINAL DD FORM 214 IS CORRECTED AS INDICATED BELOW:

| ITEM NO. | CORRECTED TO READ |
|---|---|
| | SEPARATION DATE ON DD FORM 214 BEING CORRECTED: **23 JAN 87** |
| **4A** | **PFC** |
| **4B** | **E-3//NOTHING FOLLOWS** |

| 6. DATE (YYYYMMDD) | 7. OFFICIAL AUTHORIZED TO SIGN | | | |
|---|---|---|---|---|
| | a. TYPED NAME (Last, First, Middle Initial) | b. GRADE | c. TITLE | d. SIGNATURE |
| **20020208** | **ADAMS ROSE M** | **GS9** | **MPMB ARPERSCOM** | |

DD FORM 215, FEB 2000          PREVIOUS EDITION IS OBSOLETE.

SERVICE  2

action does not show a Medical Discharge on form DD215.    Mr. Chapman request equal protection unto the law; when he requested to have his MOS changed to remain in service; when others with similar acts were not terminated; and faced an act of retaliation for requesting rank for Delay Entry Portfolio since day one.    Under these circumstances, appellant interest was to continue to seek the rank and contract that was signed in 1984 for the entry of 1985.    After winning Summary Judgment Mr. Chapman was not given credit for the time served under arrest or given back his pay that was taken for that month or the stripe that was taken:    Nor was the Entry Contract addressing the 20yrs in which a bar for advancement would not had taken place with 18 yrs to go from date of court martial:    With a Career Enlistment there would be no Bar to re-enlistment, but a Court Martial; which would yield the E4 or E5 at day one, cause Mr. Chapman would had been at the NCO Academy after Boot Camp and not Ft. Stewart, Ga.    Discharge was Honorable and inquires was done as a Disabled Veteran for Entitlement for Relief; to amend the Recruiting affords to Enter under DD4 as an E5.    I'm seeking Rank of E5, Retro Pay and Signing Bonus, I didnot get: as a Remand Back to DOD.    A violation not to render Plaintiff back to original state after winning summary judgment is a violation under military law to settle all claims prior to discharge.    Under that standard, The Plaintiff is a member of a Protected Class in being Disabled.    The Plaintiff had qualified for performance satisfaction as they won the National Training Exercise doing His stay at Ft. Stewart, Ga.    In spite of his qualifications or satisfactory performance, adverse employment action (such as termination) was taken.    To Reverse Judgment - Stands the ground to settle all disputes prior to discharge and or of a Discriminatory Action.    There is no question that State or Federal or Military Statutes prohibit Discriminatory Practices as well as describe a clear Statement of Policy.    The Declaration of Rights address Wrongful Termination as, Willful Intent as a clear Mandate of Policy.    "Equality of Rights under the law shall not be abridged or denied..."

B.)   Errors by SSA -- Called Harmful...

Argu technical scope of an ALJ for Soc. Sec., when Plaintiff also shows' Substantial Evidence for Disability for T2 Disability Retirement of the Soc. Sec. Act.    When

termination was looked at as quitting his job verses Resignation due to Health, as a Disabled Veteran.    The Appellant's claim is absolutely clear, in these legislative declarations for protection of Relevancy.    The lack of protection by the Atty Gen Office and the Supreme Court on constitutionally protected rights; properly asserted to the 4th Circuit and Higher, the claim is exercise for constitutionality. The relief should grant Plaintiff court relief or discretion for the Prudence in The Law (the gov't would teach that the client is always right; and the lawyers are getting paid; but the client is not always right; leaving employee(s) to kiss-up to "Erred" Decisions and not be heard on matters of Relevance).    Opine that the "Racket" is profitable to farther stupidity vs. correctness for "Prudence" in the Law.    Does the Plaintiff have to suffer for the Defendents' errors?    Errors are Harmful.

C.)    Release or Separated from FERS Pension ...

A standard is abundantly met here; Under Doctors care when separation occurred under management ability to retrieve medical documents; knowledge of employee being disabled in the Initial Claim stage yield information of the medication being used and the ability to perform in a Zombie State, led to Plaintiff completing a separation package with mis-information in it.

D.)    Is it a Discriminatory Practice to be told an Employee can't be apart of a Class Action Suite against an agency because the Employee is in a Field Office and not an Employee of the Headquarters' Office...

This, I am addressing to this Special Court of Md., for Assistance into help for employees of SSA, that are also discriminated against; and for being a field employee, that is not allow to part take in a pending issue of Black Males Against SSA Law suit.    I, Terry R. Chapman was involved in this law suit in Woodlawn, Md.; but also worked in Falls Church, Va., and was separated from the Glen Burnie Office, in May, 2005.

After exhausting remedies in this EEOC Claim; appellant is seeking judicial review of the record that limited Mr. Chapman to pursue judgment in the form of income that would result in a higher level of retirement pay.

**In Brief :**

Social Security Administration vs. Terry R. Chapman, on remand from the District Court; the Plaintiff thought the Appeal Council defied court order in not taking jurisdiction of Matter: but place jurisdiction back to the ALJ: who continued the Comm'er's argument for the scope outside the law of relevant part for disability in sec. 423(d), 1:11-cv-00274PWG; that health kept Plaintiff separated from employment for more than a year.    Here, Appellant's claim included 1:14-cv-03761WMN and 4th Cir., cv #16-1173, that didnot want to over-turn prior decisions for Plaintiff's evidence for opioids or pain of His body for a closed period; or a favorable decision for advancing in age, by the time the case reach the Supreme Court for Review or the US. Atty Gen., for Constitutional Rights for questions presented for Review in No. 17-0471, Writ of Certiorari.    I believe the Supreme Court erred when 1984 & 1996 Ruling on WL374184 and SSR96, Benchmark the treatment of Relevant Part; the Courts didnot want to hear from the Plaintiff in Chapman vs. SSA, # 16-1173; & jurisdiction in the Constitutional & Statutory Provisions of the Statement of the case in the Petition for Writ of Certiorari, in the Supreme Court case # 17-0471.    Specifically if the Plaintiff can get protection under these Federal Acts; the violations by government officials from Plaintiff's stay in the Military to the violations in & out of the Federal Service that led to His Pension being taken; at a time He was under Doctors care for disabilities that still continue todate; I hope, I, can come to This Court in the State of Maryland for a Citizen of Baltimore City, that could help Plaintiff in establishing a trail others can use when all avenues are exhausted in there Declaration of Rights unto the Law.    Plaintiff need remedies for the lack of constitutional protection and to render judgment to recognize His Portfolio prior to Military Service in the Federal Gov't., for Rank; & why Civil Service left employees for the FERS Pension, He did not get, nor Retirement under disability, Soc. Sec. Title Two. These issues concerning & challenging the accuracy of the decisions made in these arguments for help to all the complaints and erroneous abuse of discretion to deny or to remand back for amending Plaintiff's life style are relevant; (the errors in judgment that denied rank, retirement, and His wrongful termination for a poverty life for which he lives).

## Conclusion:

Wrongful Termination recognize(s) a cause of Action; but if the Termination violate a clear Mandate of Public Policy for Mandates found to support a Statute(s) that the Plaintiff could not recite:    The Discriminatory action continued: as in Chapman vs. SSA: & the MSPB vs. Chapman.    Chapman stated He was under Doctors care & Management ended Plaintiff's Administrative Remedies with a Decision based on Errors.    Direct Expressions not to Weight Adverse action to Procedural Norms against Blacks, in one case; and not Weighted Evidence of the Plaintiff's for Relevant Parts in another.    These issues were life changing & painful, Mentally & Physically, tolling; & a direct expression in favor of Non-Equal Treatment to the Plaintiff, in each case:    The Maryland Declaration for policies:    Legislative Pronouncements regarding a claim to express remedies is clear as to why Plaintiff is exercising this Court for help as women against Black Males, The Gov't against Black Males, and Blacks against Blacks, & People against People, are issues for the Judicial Branch to help correct for the legislation to be useful.    Mr. Chapman is trying to get help from this Special Court for Judicial Review; before filing any separate claims in the Courts related to the same circumstances.    I know not where to go in Chapman vs. SSA; as the Supreme Court turn down Plaintiff's request to be heard, along with The U.S. Atty Gen's. denial for Plaintiff to be heard (even the Md. Comm. on Human Rights & Relations forward me from their responsibilities) as a federal matter.

Wrongful Termination was about, not bring to a close what appears to be missing in Mr. Chapman's Delay Entry Package; Military.

Wrongful Termination was about no counselors to aid in separation of a disabled Veteran from Federal service for Retirement Disability; SSA.

Wrongful Termination was about being under Doctors care on opioids in 2005, when form 3106 was said to had been signed; and losing of FERS Pension, filed May 23, 2017; OPM stated SSA administer from 3106; & Plaintiff may had been mis-informed, mis-lead or any action as to why the form was signed & dated by Plaintiff.    Pension request is pending @ MSPB, Wash., DC., since May 2018.

True Justice is the Laws of a True Democracy; and not that of Formalities; but Just Cause in a Decision not base on errors nor Inter-Agencies for Contributable Negligence.

These deviations outside the scope of the law or loop-holes not to allow Relief for documented evidences, wrongfully leaving those who normally get left behind to a poverty state; for justice in the law.

Not to allow Black Men in a Class Action Suite for being a Field Employee is just another showing of how "Field Black Employees" are still being treated since the Protection of the Negro Act of 1863.   Adverse actions occurred doing times when Stagnation in grade was an issue; no grades were given to Plaintiff's request in His case for settlement in the Class Action Suite with EEOC Appeal No. 01a23860 (BMFJ) (2-22-02); MSPB - Terry R. Chapman v. SSA, No. DC-3443-97-0153-I-1 (12-16-96).   This placed burden on the cause of action and place Plaintiff back into a lower grade as a Desperate Action not to hear Plaintiff argument.    Blacks being Separated; in Field vs. HQ's, for Discrimination; the agency is allowing field employees to be left out.

The Employees Assistances Progress (EAP) for Relief under Rule 7 was not upheld.

The Opioids Crisis was not upheld in a fundamental interest in years of employment; an adherence to Mere Procedural Formalities when inter-agency involvement mis-led & place appellant at a disadvantage under Doctors Care, in the loss of Plaintiff's Pension & the lack of Protection to the Veteran.

The Courts viewed the ALJ's Broad range against the records for the Law.

The Military Rules for conduct placed a Soldier outside the scope of Recruitment Promises.

Therefore, Appellant, Terry R. Chapman, request of this Court to accept jurisdiction; and of that which may reverse the judgment of prior courts' decisions in this matter in favor of Mr. Chapman.    Respectfully Submitted.

25

**Certification as to,** all mail 1st class, this date of service   *3-9-2020.*

**Certificate of Service,** Hereby certify my request for jurisdiction in the Matter of Wrongful Termination to:

\*   The US District Court for the District of Maryland, 101 W. Lombard St., Balt., Md. 21201.

\*   DOD-Dept. of the Army - Corp. Headquarters Ofc., 1500 Defense Pentagon, Wash., DC. 20310.

\*   SSA - Ofc of The Comm'er., Alty Bldg., 6401 Security Blvd, Woodlawn, Md. 21235-6401

26

```
===========================================
              GLEN BURNIE
           7596 RITCHIE HWY

              GLEN BURNIE
                 MD
              21061-9598
              233744-9558
```

| 3/3/2020 | (800)275-8777 | 06:27 AM |
| --- | --- | --- |

```
===========================================
===========================================
```

| Product | Qty | Unit Price | Price |
| --- | --- | --- | --- |
| PM | 1 | $17.25 | $17.25 |
| (Domestic) | | | |
| (BALTIMORE, MD  21235) | | | |
| (Weight:12 lb 14.60 oz) | | | |
| (Expected Delivery Day) | | | |
| (Tuesday 03/10/2020) | | | |
| (USPS Tracking #) | | | |
| ( 9505 5066 6221 0069 2002 04) | | | |
| Insurance | | | $0.00 |
| (Up to $50.00 included) | | | |
| PM | 1 | $17.25 | $17.25 |
| (Domestic) | | | |
| (WASHINGTON, DC  20310) | | | |
| (Weight:12 lb 14.60 oz) | | | |
| (Expected Delivery Day) | | | |
| (Wednesday 03/11/2020) | | | |
| (USPS Tracking #) | | | |
| ( 9505 5066 6221 0069 2002 28) | | | |
| Insurance | | | $0.00 |
| (Up to $50.00 included) | | | |

---

| Total: | | | $34.50 |

---

| VISA | | | $34.50 |
| (Account #:XXXXXXXXXXXX7814) | | | |
| (Approval #:09556C) | | | |
| (Transaction #:298) | | | |
| (Receipt #:000298) | | | |
| (AID:A0000000031010 | | | Chip) |
| (AL:VISA CREDIT) | | | |
| :PIN:Not Required | | CAPITAL ONE VISA) | |

---

```
        Receipt #: 840-12100475-1-1472597-1




            Includes up to $50 insurance

        Text your tracking number to 28777
          (2USPS) to get the latest status.
         Standard Message and Data rates may
        apply. You may also visit www.usps.com
         USPS Tracking or call 1-800-222-1811.


            Save this receipt as evidence of
          insurance. For information on filing
              an insurance claim go to
         https://www.usps.com/help/claims.htm

              Preview your Mail
              Track your Packages
              Sign up for FREE @
            www.informeddelivery.com


        All sales final on stamps and postage.
       Refunds for guaranteed services only.
          Thank you for your business.
```

27

October 10, 2019:

## CASE   HISTORY

*  Docket Entries to share light to the case:

Exh. 1.)   Veterans are in need of legal assistance at all times.   The Veterans Administration like other agencies that employ the veteran will not aid in the help of that which incorporates the ideals of veterans first or the American Veterans Act...Leaving Veteran to legal sources some can't afford.

Exh. 2.)   As a Black Man, I found it hard to compete without jurisprudence in the Law!   Help to fight Institutional Discrimination & Racism is harder with the reversal of Reverse Discrimination by the Supreme Court (The voting down of Affirmative Action).   Plaintiff filed a request for reconsideration with the EEOC, seeking an increase in the monetary awards determined for class members on appeal & a grade: based on the settlement agreement 1-11-2002:   EEOC parties Burden, Jefferson & Dunbar were retroactively promoted & Plaintiff was not given a grade; & settlement for filing an EEOC complaint when faced with reprisal yield adverse actions to Mr. Chapman.   Why should Plaintiff compromise when Plaintiff had been discriminated against in competitive selections?   Because Plaintiff had not the money to fight SSA or the Gov't.; appraisal vs. reprisal, damages & mental anguish, in scope of the settlement: an aged disabled veteran or citizens in need of a council of advisers beyond the representation of current council to fight the Gov't & its Agencies (an oversight committee).   The US Judicial System is not fair to all people.   How can we have resjudicata & collateral estoppel, when the issues are ongoing in these matters?   Depression & Stress lead to Plaintiff's move to get into another component.   Health lead Plaintiff to retirement.   Discrimination goes beyond this settlement; due to consistent behavior of these agencies & its negligence of liability to employees & the increasing of age in this matter.   Document dated 6-11-02, h@30, what is a middle ground to discrimination; a balance to stop it or settle for awards?   H@38 & 39 -- This argument should run its course for due process in Retirement

E01

Rights for those losing out at what lead to the cause.    Loss of income is at risk
before & after retirement...ultimately if agency is at fault, the gov't therefor has
control H@32: and the need to make right is needed.    Which yield little in
addressing document dated, Nov. 20, 1996, Exh.7b:    The problem with
management, goes into a deeper health issue of the supervisor of the Legal
technician in OGC, & the control she had on her supervisor: in that the clerk
position need @ least 3 employees to do it on a daily bases; & testimony from
other employees stated the office had to pitch in just to keep up with that job
task, as the office was understaff @ several key positions & locations in need of a
larger size office for unit space.    Thus, leaving the office to complain about
having to help with clerk clerical task: than when mistakes were made, the
supervisor never looked @ her health issues for my-grains on a regular accuracy.
Leaving others in the same component to file Grievance against management; for
the Chief to tolerate the Supervisor's control over him against the employees who
knew of this situation.    This went uncheck for years, Plaintiff was told & not until
Plaintiff filed did management say Plaintiff can be release @ any time with no
recourse, not prior to accepting the job of Legal Tech (No. DC-3443-97-0153-I-1
(12-16-96): but the action that lead up to the action OGC don't want exposed.
Chapman was terminated & EEOC didn't help in the MSPB Preceding.    Than
Plaintiff was not given Due Process in action addressing difference in Class Action
subject Matter to Disparate Treatment or Promotion to a higher grade, otherwise
Stereotyped to be denied in his request on appeal: EEOC Case no.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x,
79x, & 80x; Jan. 11, 2002: Appeal no. 01A2386, 8-14-2002.    Thus good cause
based on oversight & work pressure, preventing Plaintiff from addressing issues
as diligent as a non-disabled citizen or getting the help a veteran needed.
Plaintiff emailed to SSA Class Action Advisory Board - 6/26/19, requesting not to
be left out of the suit, based on being a field employee. sec.111. -- 42usc 2000(e);
Kator, Park, Weiser & Harris, PLLC, 202 898 4800.

Exh. 2a.)    Ask of the District Court for Md., to help in the scope of the law for
being out of work for at least a year or more@ the opioids crisis, for the fullness
of the law in whole ... than a request for Congressional Help as well.

E02

Exh. 3.)  Plaintiff's version of case #17-471.

Exh. 4.)  Help is needed by the courts in helping Field Employees to become part of the Class Action Suit against SSA; & other documents use to write case statement.

* Complaint:

Exh. 5.)  The Complaint for Due Process .. .  When is Formal Procedures needed, but not limited to Trial Procedures, to be heard?  Facts Common in All Accounts: Complaint brings action against Title VII of the Civil Rights Act of 1964 & 42USC sub sec 1983 & or other sub sec: case # WMN-14-3761, Chapman Vs. SSA; and losses due to Delay Entry Program, Dept. of the Army, Discharged without settling disputes according to Chapman.  The make-up of social behavior in impulsive behavior of the Power structure; it is controlling of Underlings or subservient, not to be able to tell what led-up to the action, in due process; & the lack of Process when needed.  As long as Pro Se, is a Lawful Character of the conduct that is not indefensible in its context, the work place sees statements like "He Must Fail", as an upset of Balance in the ALJ's errors; & that the Field Employee must be separated or segregated from the HQ's Employee; the judicial system in its part in not helping "Pro Se" to be heard: Chapman vs. SSA, # 1:11-cv-00274-SAG & PWG; case no. 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x; & all the ref. cases common in all accounts.  What is Rhetoric to legal Obligations' (how is the Plaintiff @ fault?  When the law stated, being out of work for a year or more & VA meds kept Plaintiff out of the work force; & no adjustments made by ALJ in remand to cover why SSA law for T2(1520), vs. VA law T32 for relief; continued in the District Court not to over-turn SSA, when Plaintiff was under Doctors' Care.  The Plaintiff is not @ fault as in SSA vs. The Law for why Plaintiff is out of work for more than a "Closed Period of Eligibility".)?  Est. Damages 5million$.

* Facts Common in all accounts:

Exh. 6.)  Deviation when Plaintiff had shown evidence to support claim(s) in all facts of law from His military sentencing; to Good Cause for the opioid use on Him

by VA when loss of employment destroyed his way of Life.    Procedural
Formalities to dismiss, deny, not to correct, nor to protect the protected...the
veteran.

*   Agencies Decisions:

Exh. 7, a-i.)    Agencies Decisions:    The scope of the MLJ & ALJ's vs. the Remand
or adjustments to support the correct-ness of the Law.    Court Decisions & Court
Martials; & MSPB Pending Case, mailed May 2018, to Wash.,DC.

*   Court Decisions:

Exh. 8, a-e.)    The Wrongness in supporting the ALJ; and the Correct-ness to
support both sides of the Scale for the Law in Whole.

**In The United States District Court for the District of Maryland**

Terry R. Chapman

Plaintiff

V.

Soc. Sec. Admin.; DOD, The Dept. of The Army

Defendant.

Civil No.

Brief for Plaintiff & Records Extract -- Pro Se.

Records Extract

October 10, 2019

Docket Entries

Exhibit # 1.)

. . . unable to get help; just some of the avenues attempted to get help from; but not limited to these.

A veteran should not be turndown by VA for any reason:    Laws that re-establish veterans back into society, show to be one inter-agencies should get help with...but not limited to an order of what is important to the Individual seeking help.    Ref. to 028, dated 06-28-2018.

Exhibit # 2 & 2a.)

2.)    Unable to get advice or a response as of this date from The NAACP, or the Class Advisory Board for Burden vs. Barnhart, SSA Class Action.

2a.)    Maryland Declaration of Rights:    Rule 401. (b) -- The facts are of consequence in determining the Action.    As in Chapman vs. SSA: before & after Remands of said issues was bought-up before & after Memorandum of Summary Judgment. -- The Initial Claim gave authorization for SSA to get all medical notes needed in support of the Opioid Crisis of the Plaintiff; & time Plaintiff was under Doctors Care & out from work as Plaintiff advanced in age; chronic in all aspects relevant to accounts common in all phase of Harmless or Harmful Error in Adjudicating.    Rule 103.    Ruling on Evidence.    The Balance of Scale is the responsibility of the Supreme Court to protect by fashioning the necessary rule. USCA. Const. Amends...unable to get help with stress relief & health maintenance alterations, left a greater need for the system to stop rejecting the vocational rehabilitation needs of the veteran.    Evidence of secondary to primary conditions that SSA, DDS, DLLR was prejudice to be heard on, conveyed the importance of concerns in 20cfr404.1520c & 405g & 1383c of title42 of the USC. Ultimate-ly the loss of income in seeking help from DLLR & Title2 & SSA in wrongfully terminating a disabled Veteran.    42USc, 2000e4 the compliance with the requirements, sec.111; the outreach of the veteran; a victim to the Admin

practices when disability is the issue doing the opioid crisis in contributable negligence in an Inter-Agency Claim.

Exhibit # 3.)

*   Documents use to write Case Statement.

Exhibit # 4.)

*   Documents use to write Case Statements.

Exhibit # 5.)

*   Documents use to write Case Statements.   The Complaint :   In each situation with each gov't agency, respectfully, where the plaintiff, the appellant to this court had showed prejudice and unjust by the defendants, here-in being called the Gov't Bodies of record: the DLLR of Md., the Soc Sec Admin., the MSPB, the EEOC, the Dept. of Defense(Branch Army), the OPM, & the Justice Dept. & its' Court System.   There was not or no relief or diligence granted to the plaintiff, Mr. Chapman; to make right that which would yield fairness.   The District Court(s) and the 4th Cir Court judicated based on informal hearings; never an effort to consider the plaintiff or appellant's side of the scale: that showed substantial evidence for a favorable decision:   Then, to state that the 4th Cir donot address precedent in the jurisprudence(fairness) of the law, as ruled earlier in 4th Cir court history.   The courts nor the agencies never gave advice to a pro se appellant whose financial conditions fail to attract legal help (a personal problem of a disabled veteran).   The opportunity to be heard suitable to the occasion & an opportunity for judicial review to determine whether the fundamental elements had been meet.   14th amendment; 5cfr. sub sec 1201.56, a defense & degree of proof that the constitution does protect as a relevant part(s) that opioids & other prescriptions dealt with pain & left appellant bed ridden & out of work for more than a year: as plaintiff tried to determine why SSA & OPM was telling him to do at separation.

To Conclude:   Facts common to all counts - The appellant was not protected as a veteran of the US Armed forces.   The appellant was left to explain why & how he

was hurt.    Elements of bias, discrimination & prejudice left appellant's life altered toward poverty.    The appellant was not the same after being placed on opioids:   He could not do past relevant work or anything based on the RFC...The appellant was written off as a mere judicial procedural matter...who can't handle stress.

Exhibit # 6.)

*    Documents use to write Accounts Common to Case:    Inter-agency involvement never provided council to the veteran; the petitioner receiving decisions contra to facts of law.    Petitioner seem to have merit in all aspects of military and civilian pleadings for relief in summary judgments.    Good cause for short falls of the plaintiff; his disabilities.    Unable to get legal assistance & or to address Disability law:    Constitutional law:    or Military law for resolutions.    VA will not help Plaintiff with law issues or advice to a disabled veteran; see ref. 028, dated 2018, June 28th (Exh #1).    Military records was requested for a complete copy of Plaintiff's DD4 and the Delay Entry Contract, that was not obtain (Exh #7h) (8d) in full.    SSA - No Real Affirmative Action on Relevant Parts (SSR96-8p) (201.00h) (ECF NO.16@6).    EEOC - No Real Affirmative Action on Field & HQ's employees on discrimination restitution for all.    The US Atty Office & The Supreme Court issue to not hear questions on Writ of Certiorari.    The Merit Sys Protection Board - Pending in Wash., DC., for Pension Request.    Plaintiff was terminated from the military without enlistment bonus, pay, & entry rank based on portfolio 1985.    The Original Contract was signed, placing Plaintiff in the Program in 1984.    A profile for disabling conditions revealed discharge from active duty without satisfaction of Military Conduct for regulations gov'ting unsatisfied issues.    Once released or discharged from military, the plaintiff worked from 1987 to 2006, with a federal SCD of 1987, Feb. 07th.    In 2005 separation from federal service, yield no FERS Pension @ age 62, 2017 of Aug. Within service @ SSA, 1992 to 2005; EEOC complaints, yield little satisfaction in class action suit for Black Males in Chapman vs. SSA for equal compensation for that case claiming a grade for satisfaction vs. a monetary payment; leaving issues for stagnation, nolonger an EEO Complaint for Minorities (case # 1A23860, xref.#(BMFJ)120-996378x, 11-9-95(79x)(80x).    Plaintiff injuries for the lack of

satisfaction, amount to monetary value still undetermined, as Plaintiff is receiving no help in recovery as of this date; under the Declaration of rights...All the privileges for protection to the veteran; or a disabled person under doctors' care from wrongful termination for being caught-up under the opioid crisis.   The due process of law that depart or deprived one from property of a promise of a Program Base on work conditions vs. the contract that has missing pages, "to get you in the door" but not at the rank of E5; that denied the rank of E4 due to a bar for re-enlistment:   Military Rules 7 Regulations state "A soldier can't be discharge with unsettle debt".

*   Medical issues from Skeletal deformities to current ongoing concerns:   To address reasons for profile & disabilities & the lack of counseling in disability law that lead to pro se actions as a citizen of veteran status.

*   Plaintiff was denied with substantial evidence; with a request for hardship relocation; with a request for stress relief.

*   Plaintiff was denied for fair consideration under EEOC - Black Males vs. SSA, for a grade = to other races with college background.

*   Plaintiff face ALJ broad range of scope vs. the law for being relevant   to internal & external procedures.

*   Plaintiff was humiliated & embarrassed when comm'er stated "The Plaintiff Most Fail" as a Pro Se; & called "Piss Poor" as a definition on the Higher Court (means there is an element of poverty, in need of the law).

*   Emotional & Physical injuries developed damages that included loss of work, loss of income, loss of rank, loss of pension, loss of quality of life, & other ongoing issues due to the lack of judicial remedies to help support discrimination of the law.   Mere formalities & informal hearings dissatisfied victim to being the "N" word in mix company (just another poor person).

*   We are All Ways the Blunt of Dis-Enfranchisement!   The Essentials...We have to rid ourselves of these kinds of Biligenic Ways:   A Comprehensive Approach; The Real Affirmative Approach for Precedence of Relevance; what we need in

relevancy.    Pro Se - Jan. 2019.

Exhibit # 7, (a-i)

*    Agencies Decisions.

In these decisions address in this Brief:    Jurisdiction for Wrong-Ful Termination & Restitution of Loss(es):    There is evidence that Mr. Chapman was placed & is in a Degenerative State; has become abnormal to those of Higher Income.

The Procedural Formalities of the stated agencies from exh. 7a - 7i, indicate the need for a Higher Ruling, for a person seeking the same Rights for equal Justice under the Law; as fixed in the Constitution, to function as an Equal, among the changing Times, that left Equality out of the Prudence, in the Actions of the deciding Judges toward a Pro se.    We than are force to become Prisoners to the same old Arguments.

            *    St. of Md. DLLR                          .....    7a.

In an attempt to file for the Stress Relief Act - Rule #7; the St. Dept of Md DLLR, would not address Mr. Chapman's concern for his life under stressful conditions as stated in his medical records for fighting off the opioids of the VA Hosp., for relief.    DLLR & SSA & the Comptroller's Office of Md, only wanted to address no Unemployment & no Workers Compensation toward the Plaintiff:    Never the issue of why Health was a good reason for Resignation & his unsuccessful work attempts.

Herein & again:    Soc Sec., will not fill the maximum of positions for a component & will leave the work to the few who can tolerate the Hebrew Slave mind-set. So we work outside of our job task to make the operation work as it did. Women that the Plaintiff had met, moved faster than Black Men, to the journeymen levels.    In Gov't., employees working for the union are employees of management as well; with no independence for the union & management relation to the employee.    Help is needed in these areas & when brought to the attention, more adverse action when situation is spot on when looking for independence & due process against the gov't in the courts!

* Conditions of the work place of old bldgs & dirty files or dog cases as they were called.

* The offices @ Aquahart Rd & Woodlawn - had mold, mildew, stains & smells; aspectus issues & leaks:   Henceforth the move after my termination, SSA moved to Hosp. Dr., Crain Hway, the new office of DO-283 & Woodlawn is still gutting out old issues.

* Prior to going to Falls Church, VA., in 1995, Woodlawn faced aspectus for sometime & still being dealt with.

My point is, I got sick at the Glen Burnie, Aquahart Rd Office & resign due to my Health & received no help as to the forms I was signing & the loss of pension; or protocol for class or seminars for retirement, early out or separation from service. I received no help when sort for relief under the Veterans Act ... today, 64yrs old & still Plaintiff is seeking help from the Courts.   As the attached documents, show the files of T. R. Chapman - June 2, 1994 RE: the following certificate is furnished for your use in establishing civil service preference...labeled exh 7a.

     *   EEOC                          .....   7b.

### Chapman   vs.   SSA

Mr. Plaines brought Mr. Chapman to SSA from State Gov't.   Mr. Plaines Retired & Mrs. Kind, became Dir. of DFAM, & never filled the promises of Mr. Plaines: Mrs. kind than Stated, there is nothing in writing.   Stagnated with adverse action for seeking union help as a nonunion member.   That told me, I left a position in Fiscal-Md. St. Gov't., to find out I will not get a position in accounting at the GS-5/9 level in DFAM.   The imparity of treatment compare to others in similar situations in DFAM.   As told to the Plaintiff by another, name Aba: on a variety of issues of the variance in decisions when male vs female; male vs male; female vs male; white vs white; black vs black; black vs white or white vs black:   Once Affirmative Action was voted down by the Supreme Court; Reverse Discrimination was back to Discriminating.   The Plaintiff seem to get disparate treatment, having to prove prejudice & show that his evidence, substantial in proof, meeting requirements that procedural formalities been denying.   Than the adverse

impact was found to place claimant in hardship or a poverty state; when unable to afford to relocate to OHA in Falls Church, Va., just to get a GS-5 in the field office of SSA: which lack the means to provide & which was a blunt end of a joke to disclaim material matter of claimant. Compare to the decision makers' retaliating for claimant being protected by the law; to that of the ALJ's scope for wide range to deviate from the law: Claimant has always been reasonable in assessment of judicial out comes. As one white woman said to the Plaintiff, an old soft shoe. Leaving claimant without that part of the law that protects or show relevance on his behalf: as in Chapman vs. SSA; the Plaintiff was now allow to speak in DC-3443- 97-0153-I-1, 1997: Than once claimant could not produce the Statute; the Judge is reluctant to side with what is called Pro Se or tolerance for the disabilities of the Veteran to produce at the Pro se level in the Law. The Field Office employee is identified as not being of class action due to not being of HQ Office: as if the Field Employee is not impacted by the Institutional situations that Mr. Chapman has claimed Disparate Treatment. Mr. Chapman's Stagnation began when employment after the 1st year or 52wks, was not rewarded as Mr. Plines stated. The Plaintiff asked if 52wks qualify for the next higher grade, & Mr. Plines stated, it does to the journeymen level: which lead to an un-kept promise by (DFAM) Dept of Fin & Adm Manag: as Mrs. Bonnie Kind, the new Dir. of Fin., stated, why Plaintiff didnot get it in writing: as Plaintiff stated to Mr. Plines, you are retiring & I have nothing in writing as to my promotion for hiring & the sign papers left for personal. Mr. Plaines retired & Plaintiff is still uncompensated for the grade or grades of the Journeymen level GS-5-6-7-8-9, Accountant in 1993; Plus a grade for Compensation in the Class Action Suit; now ongoing issues of why Plaintiff's discrimination is not of meaning of the AJ's meaning as stated in EEOC, case# 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x, 79x & 80x & its Appeals: due to Plaintiff being in the Field & or getting a retro grade as well. Mr. Chapman than at SSA - (OHA)The Office of Hearing & Appeals, in Falls Church, Va., from Woodlawn, Md., SSA,HQ - DFAM. Any adjustments, if motion is to be granted for relief as in Chapman vs. SSA:

Plaintiff don't want to be limited by the computing of the Forum stated in the Class Action Suit; but to be incorporated into a payment of Restitution for

Wrongful Termination as well.    Reason Plaintiff is out of his Md. State position, & the one he didn't get, GS-5/9 position; and having to locate a position to get in grade at Falls Church; having not the income to transport to on a daily basic or the income to afford to relocate to.    This is who the Plaintiff had become, a Field Employee.

1993, Mr. Chapman didnot see the Journeyman Level Accounting Position GS-5/9. 1995, a move to Falls Church to get in grade as a GS-5; & the w/d that was incorporated on the Plaintiff as a field employee nolonger able to be apart of the class action suit; that was appealed in hope of a grade in settlement for Plaintiff time @ SSA-HQ; the broken promise for clemency; & the discrimination on Black Employees' for being in the Field.    Than once into the CR series GS-11, never did Plaintiff see a grade 12, as the union & management kept the Soc Insur Spec. Position, pending at the Bargaining Grievance for years of what supposed to be the Journeyman level for that GS Series.    The Plaintiff worked as a Specialist from 2001 to 2005.    Never did the Class Action Suit give Plaintiff credit for being in Woodlawn from 1999 to 2001, in the Security West Bldg.

Mr. Chapman had been told to withdraw from cases; each time he is unable to site rulings & regulations that support his claims.    1996, Plaintiff would hear statements like:    Whites are not duly bound to listen to Blacks.    Or the union will only do grievances for union paying members; even if they take your case, don't look for much.    Or Plaintiff would get what is called a Thomasina or an Uncle Tom to handle a Black issue, that requires circumstances unique to the individual, that a white or a white man's Negro can't argue, in or for a process requiring Fairness to Blacks:    Chapman vs. SSA; Chapman was injured on the job, 29CFR sub sec 1613 & as a disabled veteran.

For years employees were addressing the issue of their high 3 grades in relation to retirement; now agencies are not responding to why the Gov't was pushing the conversation of the High 3: knowing retirement is based on all years of Soc Sec & Pension deductions for retirement.

     *    SSA                                                       .....    7c.

SSA, made decisions in Mr. Chapman's Career:    The Plaintiff also known as the Petitioner; received help with His IDP (Individual Career Development Plan), the courses that was taken within the learning center, and at school; but SSA did not want to promote him.    From day one, Mr. Chapman enter service with SSA, in the Woodlawn Ofc., of the Annex Bldg., in 1992, After leaving Md. St. Gov't., for what was to be a grade GS-5/9 journeymen level in the Accountant Branch: From Civil Service to the Military, to FERS; then be eligible for promotions based on the concept of 52wks @ the next lower grade: per Mr. Walt Plines, Chief of DFAM; who hired Mr. Chapman.    Plaintiff didn't get a promotion until OHA in Falls Church, Va., some years later.    Than Plaintiff was told in Office Management(OM), by his Supervisor that He was using the promotion as a Stepping Stone to get out; as oppose to staying for a duration of time as she felt was warrant for the hiring (in Plaintiff's estimation of what was being said) in Plaintiff's attempt to Career Growth.    Once leaving Office Manag., Plaintiff's work ability was question in the General Council's Office in controlling of the Litigation Docket by his supervisor, which led to a claim with the MSPB & adverse actions.    The Plaintiff's case had been showing proof that field office employees & employees that give assurance to the public as case workers & adjudicators are faced with more scrutiny than HQ employees.    Once Plaintiff stop taking the opioids he was than scrutinized by VA for doing so.    The Plaintiff was than able to get out of bed to have unsuccessful work attempts @ finding or maintaining work after 2006.    Thus, a claim with the Maryland DLLR; Mr. Chapman fell short in getting workmen compensation, unemployment & disability retirement with SSA.    Than in 2017, Mr. Chapman was told that he was not eligible for his FERS Pension, in which he was told he had opt out of in 2005; in which he stated he had little knowledge of; being on prescription meds in 2005 called opioids; until he started reading his hospital notes to see he was on more than one narcotic. The argument than became, not being able to stand or set & the decline in cardio sys for blood flow & low cell counts; MRI pointed out the degenerative nature of other conditions.    The redundant issues were those that address the current dilemma of progressive aging of the body; and the constance use of ibuprofen; swelling, skin, knees, & back pain; a mock justice for a host decision for the law...verses the bases for Statutory Law for being out of work when disability

exist.   Than the Plaintiff looked at:   What treatment or observation that was used by SSA to determine Mr. Chapman could do anything in a day on opioids; never a means to determine pain or mental capabilities, was done by SSA.   SSA's observation was based on a short period of time by DDS, never no more than the time it took to fill out a form.   I never been evaluated for the information needed to complete the Functional Report or been given rehab or pain management that the ALJ could not determine in my body at any step of 20cfr sub sec 404.1520 or if the Plaintiff could type or lift without discomfort.   The ALJ could not tell Plaintiff about his back & conditions that led Plaintiff to be discharged from the military; scoliosis & lower back pain, flat feet & shoulders, of extreme importance to the joints, 20cfr.part404. subpart P: define under the Act, impairments diagnosis in court transcripts as ongoing relationship with work as reported in hospital progressive notes as degenerative joint disease.   In 2005, Plaintiff could not live on risperidone so Plaintiff stop taking it.   Another trait of confusion of SSA & VA, indicating, Plaintiff asked for a letter to quit his job; Plaintiff never asked for anything other than a relocation due to hardship and those document indicating stress; but the selective process of SSA always indicated the rulings of he quit his job: very important to note how the problems & conditions are not measured-up to being the evidence of disability or wrongful termination that existed.   SSA never understood discrimination on the Plaintiff as being debilitating -- or his conditions as good cause.   Plaintiff had loss his vision for a short period of time, as years went on; other evidence indicated petitioner could not work under rispidol, step2 of 1520(c) & relevant part: there is abnormality in PesPlantus & Heart beep & Blood flow, (SSR) 20cfr416.921, cfr part404 sub part P; the medicine needed for pain & delusional disorder conditions.   The ALJ took a scope, a wide range to try to justify how hemorrhoids very severe & important in trying to maintain work; & never discuss a closed point; but focus on how Plaintiff held-up over the years & never said anything about how stress, being off his feet, help maintain life, as it did with periodontal diseases & depend fitted briefs.   What is called "Harmful Errer issues 20cfr404.1527(c) Relevant Facts, steroids injections gave the ALJ a false sense of the Plaintiff's daily evaluation; but the Comm'er did not listen; showing how long the junky fide behavior of prescriptions misrepresentation, to that of the remand

for hypothetical situations the AAJ remanded in Motion summary Judgment: an inconsistency to the 4th Circuit level.    Mr. Chapman stated 6-6-11 & 10-5-11 supporting memorandum of law for judgment, that the appeal officer lacked in applicable law, reasonably excepted as important in legal argument in favor of 42usc...for binding precedence to force the lower courts & agencies to support all laws in full without errors.

      *  OPM                                     ..... 7d.

A current Pending issue at The MSPB, since May 2018; from an OPM Denial of Pension for Federal Service.    OPM stated SSA administer form 3106 to the Plaintiff:    Plaintiff being mis-informed mis-lead or any action as to why the form was sign and dated by Mr. Chapman in 2005.    The request to appeal this action was sent to The MSPB, Wash., DC.

      *  MSPB                                    ..... 7e.

The Board has jurisdiction on cases of Merit.    The claimant challenge the agencies in the action that lead to the cause.    The Plaintiff was told by MSPB, since 2018 there are no Judges to hear cases, as the gov't has not the staff to address their case load & in January 2019 there was a Gov't shut-down.    This case arose out of a disabled veteran being separated from federal service due to health, in 2005.    At that time the Plaintiff sign a form, he thought was for a refund of his leave & earnings records.    After finding out of opioids, & that the employee in doctors' care, @ time of separation:    Employee believed He was Wrongfully Terminated, in 2005.    This claim for his pension was filed in June 2017, with OPM.    The Claimant than filed form 185 to the MSPB; which dismissed claimant's case as a withdraw: as claimant's withdraw was for him to file a new claim, based on SSA Separation package; asking who issued the form 3106, SSA or OPM; and who may had misled the employee to a Wrongful Termination.

Mr. Chapman believed his wrongful termination was done by SSA, knowing of the worsening conditions of Mr. Chapman: as SSA sort to discredit by addressing Mr. Chapman's Resignation, as "He Quit his job"; & is not due help in addressing

complaints of being of Veteran Status in need of Relief; which was sort prior to resignation. These issues arose over time since being employed, 1985-2005. As of 8-27-19, still no quorum to hear case-load @ MSPB per Executive Order of the US. President. Now what does an aging disabled Veteran do for due process? How fair is this to the US Citizens, since 2017?

     *    US. Atty. Gen. Office                      .....    7f.

Its Mission is to inforce the laws of the United States; as the Enforcer for its laws as interpret by the Supreme Court of the United States (Mr. Chapman's belief). Asking is the course of lawful action in Chapman vs SSA: Pragmatic proceedings, as if governed by their own interpretation of the interest in the wake of deviations (pragmatism) from sound judgment? Meaning if brought to the court; if opioids kept claimant out of work for a year or more, that is a period under law as the truth for reversing the lower rulings.

Inadequate to law, deviations weakened & invaded Mr. Chapman's life & the flow of his individual rights; to be judged without errors. To be defined so neatly in civil liberties: the narcotics from one agency to the misunderstanding of or the misleading of another: Mr. Chapman is out of a pension He work for since Jan. 1977 to May, 2005: as a Veteran Protected by the Gov't He served, 1985-1987.

     *    Veterans Admin.                            .....    7g.

Contributibilily Negligent; once determining disability: VA went on to provide medical assistants to the Plaintiff of Hon. Discharge. Medical Notes provided the type of meds (some narcotic in nature) Plaintiff was on @ time of separation from federal service, in 2005. VA stated that they would not be able to help the veteran on legal issues: There has to be help for the veteran who is over scale for Public Legal Assistance and can't find a lawyer to help against the gov't & argu discrimination as more than a mere procedural formalities. Now with the opioid crisis, the military is still being hit with Guinea Pig experiments with no repercussion for the over sight needed between Food & Drugs & other regulatory bodies looking the other way (Justice, outsourcing & greed). Discrimination, harmful errors & the constitutional right to be judged without falsehoods; in

America is too bound-up what is worn-out...the Plaintiff currently have VA as his health provider per the Health Care Act of Mandatory Health Coverage.   Thus, SSA have to understand the need for DDS & the ALJ's to up hold the law for protecting the veteran in-need of disability insurance; the care to provide for being out of work (to provide for his Skeletory Dysfunctions and the need for prostatics & prosthesis in support); along with OPM to see Plaintiff is in need of his Pension; pending @ the MSPB.

    *   DOD-Army                    .....   7h.

I, Terry R. Chapman, to the best of my knowledge, believe that the Contract for En-Listment into the Arm Forces was between Sgt. Powell & myself: of the Glen Burnie Map Station, in 1984: out of Ft. Meade, BWI.   We had set-down in my Grandparents' & Mother's Home in Pasadena, Md., & sign what Plaintiff thought was a 20yr Career Goal in the US. Military from the Delay Entry Program of the US. Army.   Plaintiff was told that En-listment would be at rank E5, without pay, until he enter.   Plaintiff would enter based on past work experience & college background, known as his "Portfolio":   Materials consist of, including Civil Service, & FERS.   The Plaintiff was to enter from The Treasury Dept., into the Armed Forces @ the Rank of E-5.   Once completing Basic Training; Plaintiff was to go to The NCO Academy.   After basic training Plaintiff was told he had to complete AIT or Advance Individual Tactical Training.   Once completing AIT, Plaintiff was told he had to wait for his college transcripts to get to His Military Folder: than Plaintiff was ship to Ft. Stewart, a Mechanized Unit, to Desert Storm. After Plaintiff stated to Command, the Military had His records since day one from Bowie St. College & The Treasury Dept.; even @ Court Martial the issue of compensation about the "statement from the Warrant Officer that Mr. Chapman's condition with Alpha Thalassemia could had turned the litmus test; with is positive ana test (liver) with low red & white blood cell counts, too that faint result that was used to state that Mr. Chapman was positive" as he stated he was not a user; but lost a stripe due to the Dept. not believing in him.   Plaintiff was told to Et-Ez & return to his C.O.; & nothing but the lie-ing ass recruiter or the military not fulfilling its obligations was the theme in Cadence for sometime (Other Soldiers had stated "The Recruiter Lied" so pick it up & lay it down, who

raa rockstar); as we set Post Records & won National Training in 86-87: as we gear-up for the 1988 Olympic Games for those who was on the Sports Teams: Plaintiff was Boxing & Baseball; @ Ft. Stewart.

Never did Plaintiff see his En-listment Bonus or Rank above E-3 or the NCO Academy.

Never did Plaintiff see recourse in winning Motion @ Summary Court Martial.

Plaintiff was Discharge with a DD215 & a Medical Disability in 1987.    DD form 827 was done for En-listment; dated 23 Jan 1987, for Arrears in Pay, upto the rank of E3 with no signing bonus or reimbursement for pay taken with article 15s or the stripe that was taken nor rank for work background.

Plaintiff would like his record to show that if his work background was enter into his military folder as his portfolio was to be the make-up for entering the military with his college @ E5, He would not had been at Ft. Steward but at The Sergeant Training School for NCO's.    Army form DA3499, sec. 2, does not indication corrections was made, in Plaintiff's request for clemency pursuant to RCM.1105 & 1106; US.    V:(E2) Chapman, Terry R.:    That his record should reflect a medical discharge at DD214 - item# 28 & on DD215 - item# 4c; & his original Delay Entry Program Package should show a 20yrs, Career Contract and that he earned a stripe as well; and not the contract of record indicating 3 or 8 yrs on two different DD forms, 4 & 1966; & there should be a form DD149 that was done for corrections:    Correction Board @ AR2002072679, didnot correct Recommendations of AC87-05547:    Army Regulation 601-210.

Plaintiff talked to the Recruiting Sgt., & was assured his paper work was in order for En-listment out of the Delay Entry Program of non pay rank E5, into active duty @ pay Rank E5.    1986 Plaintiff's CO - Captain Love stated: although you are a model soldier your official records have not come from Ft. Jackson.    1985 Ft. Jackson said the Plaintiff's records was being forward from DOD.

In Ref. to Board Date 19 April 1989, Document # AC87-05547, Mr. Chapman has nothing that show he was requested to appear in front of The Board.    Mr. Chapman was in the D.E. Program back to 1984 awaiting the approval of what

was presented in his Portfolio Package in Feb. or Mar., 1985.    Was told that this would begin The War against Terror & that the US needed a Standing Military per President Ragan; & my Rank would be presented to The QuarterMasters Corp. Terry Chapman 12-08-02; 19Apr.1989; 28Oct.1986.    Doc# AC87-05547

Ref.:   AR2004102928    -    Dated:    10 Dec. 2004

In Brief:

This document address the issue of Wrongful Termination.    A Career En-listment that would not be faced with a non-promotional status within the reference to AR2002081591, & AR2002072679:    In which Plaintiff suggested the error of Applicable Law to Council & was Granted the Motion at Separation - - SFMR-RBR, AR2003093943, 1-14-04, records indicate college background & no work background as an incomplete "Portfolio"; a promotion showing proficiency warranting additional rank;    a discharge which led to VA Compensation; Army records indicate grounds or facts, concerning corrections in argu for relief as a matter of substance & Military Law to enter the military at that grade & place in the current file as a correction of law.    Please use this letter as my continual effort to appeal for restitution or resolution.    AR2002081591 further err that never corrected to E4 on Entry, than a promotion prior to the Bar @Contract dated May 1985, 8yrs with 20 school credits over E3 requirements, in which Plaintiff should had enter @ & advance to the E5.    The Reconsideration asked: Is the promotion or the 2nd contract received valid to the correcting of DD215. AR2002081591 indicated that Promotion shows that Plaintiff's Proficiency Warrant Promotion.   So am I to believe that this case will never show a promotion to E4 due to not being in rank for a year after entry, or that the promotion received prior to the Bar is not valid; or the Original Contract is still in Halo not to be release, & the Academy was a lie not to incorporate the work background; or the logistic to get Plaintiff in the door @ E1 and wash hands with another low ranking official, in recruitment goals for a standing military: Chapman 12-16-04.    The Board continue the error in document 12-10-04, AE2004102928...The Board concluded Plaintiff was not eligible to enter the Army in pay grade E3...the corrected action DD215 stated Plaintiff was to enter at E3;

Doc# AC87-05547, finding #2 stated E3 from 29 Oct 1985: thus, never correcting to any findings of missing documents in original contract of E5 or including of work background & college cumulative credits of 80hrs herein known as Plaintiff's Portfolio.   I was told I could get an E4 by having 20hrs over the E3 requirements for an 8yr contract:    Plaintiff stated the original contract originally sign was for 20yrs.   It was stated to Plaintiff, you can get into pay status.    Plaintiff stated, what is the D.E.P. about:    After explanation, the DD form 4/1 was signed at DD form 4/2.    I was to be in Rank E5 with nonpay status; Portfolio had to be verified. Then in Oct 1985, Plaintiff was told he could get in the door at E1 and Rank would catch-up once records reach his Duty Station.    This was to get Plaintiff in pay status; and Plaintiff never saw Rank or the NCO Academy or the complete portfolio that was presented.

Doc# AC87-05547   -   Ref.:    Findings #7:

Plaintiff received status as a Sharp Shooter, an Expert Grander, an Army Appreciation metal and a recommendation from Captain Love as a Model Soldier. Plaintiff help set Post records at Ft. Jackson; and help win the National Training in the Dessert at Ft. Steward.    Plaintiff was on the Boxing Team & the Baseball team, gear-up for the 1988 Olympics.    Discharged according to AR635:   @ Court Martial it was stated Plaintiff could re-enlist under another MOS: not that he could not re-enlist.    Once the DD214 came out it stated a bar to re-enlistment.

To Conclude:

I went into service with a CDL or B Lic., in the 80s, Huber Bus Co., Glen Burnie, Md; but Driving duties was given to rank Plaintiff should had entered in.    Plaintiff was not treated as if the Delay Entry Program was about Having Rank in a nonpay status or even cared about the contract of E5 once the recruiter stated the paperwork is enough to get you in the door.    That was when every answer from Sir-peeriors was on a need to know bases & my records have to caught-up to me that never did; once discharged, rank was based on college overlooking Plaintiff's work history at the 3yr contract to get in the door and not that of the 8yr with the 20crs over for what was needed @ the E4, leaving out the work history for the E5

based on the portfolio; nor the 20yrs entering at E5.    No consideration for the Portfolio, addressing work background or CDL's or the litmus test for low blood cell count ... nor the NCO Academy.    Since day one Plaintiff had to obey rank he did not have; the wear-ing of to small size foot gear:    The reason Military is contributive-ly negligent in, Plaintiff's disabled status; to the accusation of being on a control substance, other than what was military issued, Plaintiff stated he was not smoking in the military or getting high.    The Plaintiff was a Platoon Leader @ Ft. Jackson.    Once leaving the best Drill Sgt School in the Country, Plaintiff was sent to a Mechanized Unit at Ft. Steward; along came Beat your face & the recruiter lied, as the number one cadence.    The fight to keep depression away & morale up was the key in lasting as long as Plaintiff did:    Plaintiff should had been at the Academy & not Ft. Steward.    Veterans Support Branch/gc.

   *    Congressional Inquiries                    .....   7i.

To show what the Justice Department Lack in Fairness to the Opioid Crisis of The Veterans & who don't Respect the Fullness of the Law: to protect the veterans, the aged individuals; & that which has sold or out source its citizens for Profit...

The VA don't help veterans with legal issues & that is what Jag or is it for outside of the military; or what is in need of for aid to the veteran.

Inter-Agency Issues.

Past Rulings are not being applied to all.

The US. Atty has the Power Citizens need for Due Process...

The Supreme Court need to be fair to all citizens in Forcing the lower Courts to address all compliance ... & complaints.   The Constitution Has Ruled and the 4th Cir Court is not addressing the Fairness to all verses the Procedural Norm.    The poor is the fighting man of A Nation...Treat him better to want for nothing.

E1, E2 & E3 pay is not acceptable for a Soldier's Life.    The Delay Entry Program have to address issues for Entry and the Portfolio for Rank.

Policies are in Place for a reason not to be Discriminatory.

Exhibit #8, (a-d)

*    Court Decisions.

Question to the Courts; could the veteran been protected on the issues of disability; and termination of service without a pension?   Evidence, Plaintiff states are within the laws of Possible Wrongful Termination.   Then comes the issue of whether the Veteran was to enter the Military at a rank higher than E3; and was the Plaintiff in rank of E5 in a nonpay status in the Delay Entry Program; awaiting approval of his Portfolio.   This came to be known as Institutional Discrimination(the contract that got him in the door & nothing else followed per dd215).   To Close the Argument:   Of what is being Petition for Judgment is the Relevance of Law to uphold the prejudice that prevent the Petitioner, The Plaintiff, Mr. Chapman from being rewarded for Relevant Parts; showing substantial evidence for the possible wrongful termination of a disabled veteran in statue provisions in employment law(VEOA) Veterans Employment Opportunity Act:   Before & after the Post 2007 & The 2010 Rulings:   Relevant parts for opioids in Resignation due to health for his FERS Pension, and Soc Sec Disability Act for Retirement at Title 2:   For Stress Relief:   Relevance in Court Martial Motion in Plaintiff's favor, with no relief in the article 15 that was filed & took his pay.   The issue of rank once advance to E2 on Merit, to add a stripe to the issue of what he should had come in the door at; now for a possible E6.   The adjustment to the DD214 to reflect on the DD215.   Was he discharged Medically or for the bar to re-enlistment; and is enlistment an issue if the contract was for a career 20yrs & discharged medically; Chapman 12Aug1987; as addressed at the Court Martial in 1987; when stated that Plaintiff would not be let back in with a medical issue.

*    The District Court Ruling                              .....   8a.

Prudent Persons must ask themselves is there Probable Cause to believe Plaintiff may had been Wrongfully Terminated based on Bed Riddancy by Opioids in 2005. A Statue Provision in Employment Law, for Veterans' Crisis.   Notes of Decision 1600 Md Declaration of Law Article 24.   Due Process.   Is Institutional Racism or Discrimination a new form of Martial Law Article 32?   @ Relevant Parts &

compare to those Attorneys of record, Pro Se tried to explain 42usc405(g) on progression of sickness; but was not heard in De Novo.    The District Court lack respect for fairness under Pro Se tolerance for the lack of help in this matter. Proving prejudice on this level for institutions to miss judge citizens or not look into the legal correctness of a lower court or an administration decision; is grounds for oversight into damages & or disbarment or both.    The Plaintiff is hurting and in need of answers, as to why the hate for Pro Se as a tool of the system that will not let judgement occur without err in scope of deviating from applicable law (1520) & argument 42usc(405)(g).    Discriminating practices that feed prejudice continued at PWG-11-274, when Comm'er failed at proving Statement of the Case at applicable law.    This go to say that the system agreed that the Plaintiff must fail, WMN-14-3761 at summary & memo. of the Law: When the Plaintiff asked at hearing Nov. 26&27.2013 with SSA, does the Plaintiff meet any of the sections of the Act, where favor was found in protecting the Vet; & the statement that the Plaintiff's substantial evidence will not be used; & to not look into the legal correctness of the ALJ.    The deviation from 216(i) & 216(a) to 216(i) & 216(d):    The reason why Appellant wanted hearing with the appeal council; for the substantial evidence to the error of law at 20cfr404.970:    At relevant parts of the remands, not addressed in the 4th Cir, at SSR-96-8p. Concurrent issues alleging Plaintiff quit his job and could work under Opioids & muscle disorders 223(a); Applicable Law 20CFR 404.1520(a).    As a matter of Record Ref.: WMN-14-3761, that document #28 do not state Mr. Chapman Argued past relevant work that led to disability under the Soc Sec Act:    Each time overlooking reason why Mr. Chapman want to be heard, for rebuttal. Plaintiff also stated Bird v. SSA, unlike Chapman v. SSA, Chapman stated relevance to deviation from 1984 & 1996 decision of the same circuit ruling WL374184 see also, ssr96-8p...How fair is the BenchMark treatment of erred judgment?    Was jurisprudence in the law upheld in the 3-21-17 Decision, in this case, not to make the lower court rule on the matter of law in whole: not limited to 20cfr part404: & not limited to 1521g:    The Constitutional General Welfare in Relevant Mentioning Parts at *6; but not limited to that in 1996 WL374184, use to deny Plaintiff on Harmful Errors; even if Plaintiff's records show the prejudice in judicial rulings against the advancing of age in the economy since 2004 of opioids on a

bed ridden citizen.    As SSA use Plaintiff abilities in an incomplete functional report vs. the work world downsizing.    The Plaintiff is seeking a New Ruling on Title 2 of the Soc Sec Act:    A Ruling on his FERS Pension; & a Wrongful Termination of Employment.

    *    The Circuit court ruling          .....   8b.

A Clear Undeniable Error(CUE):    The Cir. Court Ruled by making a Host Decision without proof:    A decision not withstanding.    If SSA is legally correct: the DE Novo Decision of the District Court, a review of the ALJ correctness should had been done: due to being ill more than the required time, is a reversal for the Plaintiff, longer than a Closed Period.

Case No. 16-1173, Chapman, Pro se vs. 4th Cir of Appeals' Mandate filed 3-29-17; again ruled on 4-6-17 that Plaintiff can't motion relief on the 1-9-17 Decision, @ Rehearing & Rehearing En Banc, dated 3-21-17.    The Court denied the Petition in Rearing & Rearing En Banc 3-21-17.    If Plaintiff can't get heard, how is that due process?    Chapman vs. the 4th Cir.; the Gen Atty Ofc.; & the Supreme Court; Ref.# 17-0471, Chapman vs. SSA, In the Supreme Court, Ref.:    A Constitutional Matter; Pro Se, Terry Chapman; X Ref.: 16-1173, 4th cir of appeals 2017.    X Ref.: Dist Court, #WMN 14-3761.    X Ref.: sag-11-274 & pwg-11-274, the Question was, how can the system adjudicate if the adjudicator donot know if the legal correctness is in place to stand in the Ruling: and that the opioids kept one out of the work force, how can one work?    In light of the Right for Review on all issues of Relevant Parts in what led to the action of Poverty:    In making a Decision.

    *    The Supreme Court Ruling        .....   8c.

This case has Merit:    For Reparations in the US:    To the Plaintiff's separation from the military & federal service:    To the Class Action Suit, Black Men vs. SSA.

Mr. Chapman never received a GS grade that was requested in the class action; a GS-12 as a Soc. Insurance Specialist.

When Stagnation in grade was pointed out, EEOC years later nolonger accepted

claims for stagnation as an EEO Complaint.    Thus, the termination leaves Mr. Chapman out of a permanent Career Condition position.

Rule 401.28USCA.   Test for Relevant & Evidence.    Federal Rules of Evidence Rule 103.28USCA.

The Balance of Scale is the responsibility of The Supreme Court to protect by fashioning the necessary rules.    USCA.Const.Amends.

Formulation of Authoritative Laws, Rules & Remedies designed to protect people from infractions...USCA.Const.Amends.

Advisory Committee Notes 1972...The Status of constitutional error(s) as Harmless or not is...

Rule 401.(b) the fact is of consequence in determining the action.    As in Chapman vs. SSA; before & after remand of said issues that was brought-up before & after Memorandum of Summary Judgment -- Initial Claim of the type of Medication Plaintiff was on; & time Plaintiff was under Doctors Care; & out of the work force; as advance aging show to be chronic.

      *   US. Army Court Martial                    .....   8d.

Headquarters & Headquarters Company, 2d Bn (M), 34th Inf, Fort Stewart, Georgia 31314.    Subscribed in my presence this 28th day of October 1986.


In Closure:


The scope of protected activity is defined by each law that creates an employee protection.    As in Class Action against SSA, (BMFJ); but not limited to those other claims within this Wrongful Termination Suit; where Chapman points out unfair treatment to be corrected.    Under some laws, only an actual complaint to a specific agency is protected. Under some stated laws, there is a "play fair" provision which requires employees to tell their employers about the wrong doing first, to allow them an opportunity to correct the problem; vs. Only actual filing of

a complaint are you protected. Other courts have read the law with an eye toward the purpose of protecting anyone who tries to help enforce the law.

For example, under the Civil Rights Act of 1964 (also known as Title VII), employees are protected for (1) participating in proceedings to enforce the law, and (2) opposing unlawful discrimination. The "participation" clause protects anyone who files a charge of unlawful discrimination or serves as a witness, whether or not the charge had merit. The "opposition" clause, however, requires that the employee have an objectively reasonable basis to believe that a violation of the law had occurred. So, if you caution the boss that some action might be a violation, and you are fired just for giving that caution, your claim of retaliation will depend on whether the judge thinks it was reasonable to believe that there was a violation.

Protection can begin as soon as the evidence suggests that management thought the worker might be a witness in a future enforcement proceeding. Filing a grievance, contacting the media, refusing to perform illegal assignments, and other forms of standing up against violations of the law can be protected. Even complaints that are indirect or misdirected may result in protection if they reveal to management the intention to enforce the law. For employees assigned to safety, quality control or enforcement work, doing that work too well is also protected.   What continue to grow is Institutions & Inter-Agencies, criminal element of one or more principals for wrongful termination.   Restitution & penalties such as debarment & to proceed with the civil matter, is irreversible.

Courts have recognized that protected activity may be associated with "impulsive behavior." Employees cannot be disciplined for protected activity so long as it is lawful and the character of the conduct is not indefensible in its context. A key inquiry is whether the employee has upset the balance that must be maintained between protected activity and workplace discipline. If the employee's behavior oversteps the defensible bounds of conduct, the employee can draw on inferences or show precedence in a matter of undiscovered protections of the law. For example, the Plaintiff was not able to draw inference to show contributable negligence of how the opioid crisis of one agency help in the loss of his pension in another agency.   The employee lost income and currently live in a HUD housing

Project of Baltimore City, without his pension.   After refusing to give up, the Plaintiff choice to contact The Maryland Board of Special Appeals; as a Maryland resident for jurisdiction over Matters downgrading to an American Veteran of the Arm Forces. Changes; conducts; and Termination of work due to health; employers & others seem not to be of comfort to the employee's feeling victimize by the lack of support to what Plaintiff felt was proven Relevant. So, it's important to keep facts; the 8th Circuit recently adopted the "reasonable employee standard for Sarbanes-Oxley Act whistleblower claims. The 8th Circuit stated that a whistle blowing employee is not protected from retaliation under SOX if a reasonable person, in the same position and with the same training and experience, would not have believed there was a securities violation to report. This is also known as the Sylvester standard from the case of *Sylester v. Parexel Int'l*.:   Under opioids are you in a sound mind, Chapman v. SSA; a public interest or not?

Everyone in America knows that "ignorance of the law is no excuse." It is drummed into students from their first civics class in elementary school, so much so that it is a part of our cultural heritage. The phrase captures an important concept about culpability. It stems from a time when criminal law was grounded in morality and a shared understanding of wrongfulness and when crimes were self-evident wrongs—what the law calls "wrong in their essence," or " *malum in se*." Perhaps the best example of how deeply this idea is ingrained in society is the...but some of us don't know & need help.

Therein lies the problem. The criminal laws are not always easy to track down and not always easy to understand. In fact, many laws are nearly impossible to understand in all of their complexity, and the whole corpus of federal law is in fact impossible to know.

Such as Title 18 of the U.S. Code—-for ease of location and understanding. Additionally, Congress should require the executive branch to keep the list up-to-date, to ensure that Americans have a fighting chance to keep up with the criminal laws that apply to their conduct.

*It presents a critical summary of the most important attempts to conceptually clarify the connection between ...* Are those rights codified

under human rights law? Do they entail binding obligations for identified duty-bearers? Are those duties of plausible compliance?

*This paper tries to clarify the conceptual gap. It presents a critical summary of the most important attempts to conceptually clarify the connection between poverty and human rights of Mr. Chapman.   That conceive poverty as a cause or consequence of human rights violations.   Rights, laws and jurisprudence...and decisions of management, in 1978, I was force to leave college to maintain employment at IRS.   I was told, in order to keep my job I had to work full time: which meant I had to stop working part time & leave college or go to night school; to maintain employment at IRS.   Than once adhering to this issue, I began working full time & than I was told that I was to be release; by the President Jimmy Carter, due to downsizing of the government.*

I was left with no job nor a means to pay for college after I was released from service.   I was addressed by administration as if I was being Ostracized for being in the Stay In School Program; that helped those from Black Schools...again the Stay-in-School Program was away to get in and downsizing was away prior to voting down Affirmative Action, that hurt those in need.   In the 1980's, I was hired as a Mail Driver @ the US Postal Service in Balt. City.   That year the only work the Black Men who was hired with me did was to unload tracker trailers & sort mail: that was the dirty-est job @ the post ofc.   Others, mainly the whites, was being trained as Drivers.   I was told although I was hired as a Driver, 1/2 ton, 3/4's or Rural; I was to unload tracks for now.   After some months & no change, I accepted another job.   I also, donot believe my USPS Position was added to my Federal Service Tenure.   After, reading this material, does it appear that the Plaintiff had been taken advantage of or was his short falls by the hands of the ones, he have been writing about?

Than employment began @ the Dept. of the Treasury until 1985; prior to Military Service until 1987; than too State Service, until 1992.   SSA made decisions in Mr. Chapman's career.   From day one, Mr. Chapman enter service with SSA, in the Woodlawn Office of the Annex Bldg., in 1992.   After leaving Md. St. Gov't., for what Mr. Chapman believed was to be a grade promotion yearly to its

journeymen level.    Than be eligible for promotion based on the concept of 52 weeks at the next lower grade: per Mr. Walt Plines, Chief of DFAM, who hired the Plaintiff.    Mr. Plines retired & was replaced by Mrs. Bonnie Kind; but she didnot fulfill the promise in 1993.    I didnot get a promotion until I went to SSA-OHA in Falls Church, Va., in 1995.    Than I was told in Office Management or OM, by my Supervisor that I was using the promotion as a stepping stone to get out as oppose to staying for a duration of time as she felt was warrant for the hiring (in my estimation of what was being said) in my attempt to be promoted to the next highest grade.    After leaving HQ's in 1995 to the field; The Glen Burnie Office in 2001, DO-283, where I was separated from service in 2005, as a Social Insurance Specialist - GS11.    After separating from service in 2005 for health reasons; I filed a claim for Disability Retirement in 2007; @ that time, I had not work since 2006, The Comptroller Office of Md., in State Service, as an unsuccessful work attempt. The Opioid Crisis.

As of Jan. 9, 2019; Mr. Chapman's request for His FERS-Pension from OPM is being address by the Wash., DC. Office of the Merit System Protection Board since 2018.    The Plaintiff was told, there are no Judges to hear cases as the Gov't have not the staff to address their case load, since 2017.    Since Jan. 2018, to about May 2019, there was a gov't shut down.    This case arose out of a disabled veteran being separated from federal service due to health in 2005.    At that time employee sign a form, he thought was for a refund of his leave & earnings records.    After finding out of the opioids employee was given while in Doctors' care at time of separation; employee believed he was wrongfully terminated, in 2005.    This claim for his pension was filed in June 2017 with OPM; & OPM had Mr. Chapman to withdraw his claim based on the form 3106; stated SSA issued the form and that Plaintiff's concern was with SSA.    SSA stated they are not able to help Plaintiff, & Plaintiff's issue is with OPM.    The claimant than filed a new form 185 to the MSPB: based on the SSA Separation Package in 2005, was asked who issued the form 3106 & who mis-lead the employee to a wrongful termination.

2.)    Mr. Chapman believe his wrongful termination was done by SSA, knowing of the worsening conditions of Mr. Chapman; as SSA sort to discredit by addressing

Mr. Chapman's force Resignation, as the Supervisor stated I hope you don't come back, and he quit his job; and is not due help in addressing complaints for being of veteran status, in need of stress relief.

3.)   Other issues arose over time since being employed @ SSA.. .

Is the course of action lawful or not; pragmatic proceedings as if governed by their own interpretation of the interest in the wake of deviations?   Inadequate to law, deviations weaken & evade the flow of individuals' (Mr. Chapman's) Rights.   Some of the toxic disrespect for rights in judgment with errors defined so neatly in civil liberties as "Harmful" (grounds for disbarment: any violations against the law @ relevant parts: is not a "Harmless Error").   The narcotics from one agency to the mis-leading of or mis-understanding of another: Mr. Chapman is out of a pension he work for, since Jan. 1977 to May 2005: as a veteran protected by the gov't he served.   The Dept. of Veteran Affairs - once determining disability; VA went on to provide medical assistance to Plaintiff of Hon. Discharge.   Medical notes also provided the types of medications Plaintiff was on at time of separation from the work force in 2006; with authorization for SSA to request any documents it needed.   VA stated they would not be able to help the veteran on legal matters:   There have to be help for the veteran if "America is to bound-up its wounds ".   I currently have VA as my health provider per the Health Care Act for mandatory health coverage.   Mr. Chapman's records indicated college transcript & resume; college credits to enter military @ E3 & work history in "Portfolio to enter military @ E5 per Sgt. Powell, Recruiter. Plaintiff's military service for appeal was to change the Narrative Reason for Separation, item # 28 of my DD214 to read separation Medical Discharge; after winning Motion at Court Martial;   Thus, promotion would be granted after 12 months of Active Duty; and or if Original Contract which read 20yrs enlistment from Oct. 1985, there would not had been a bar on the first 20yrs of service; Plaintiff would had went to the NCO Academy; Plaintiff would had received His enlistment bonus; by winning his motion at court martial, Plaintiff should had received his pay back for the months under article 15.   DD149 was done to correct other Entre issues as well.   DD1966 was done, stated by RS., this would get you in the door & into pay & off the Delay Entry, 1985, Oct.: & that rank

would follow once transcript & civilian folder catch-up to your military file, per Recruiting Sgt. Powell; a recruiting tool or the military not fulfilling its promises. Congressional Inquiries -- to show what the Justice Dept., lack in fairness to the opioid crisis of the veteran & those who don't respect the fullness of the law: to protect the veteran, the aged individual & that which has sold or out source its citizens for profit...the Jag Office drop the ball for aid at discharge.    Inter-Agency issues.    Past rulings are not being applied to all.    The US Atty Ofc., has power citizens need for due process.    The Supreme Court need to be fair to all citizens in forcing the lower courts to address all compliance...complaints.    The constitution has rules & some of its' Courts are not addressing the fairness to all vs. procedural norms.    The masses are the fighting citizens of a Nation...treat them better to want for nothing.    E1, E2, E3 pay is not acceptable for a Soldiers life (higher wages for grunt pay).    The delay entry program has to address issues for entry & the portfolio for rank that did not include the work history.    Policies are in place for a reason; not to be discriminatory.. .    Still no response as to if my request went to the Judicial Committee of Congress.    Question to the Court; why was the Veteran of disabled conditions, out of work for more than a year, not awarded a favorable decision for the substantial evidence of Plaintiff?    How is losing one's pension in the opioid crisis, not relevant?

Intending to reduce my disadvantage, experienced by these agencies...unjust forms of inequality in the context of allocation of employment practices favoring individuals belonging to groups known to have been discriminated against previously, have come to be known as the "N" word looking for fairness from the higher-ups (MLK, Jr. for fairness in the Law)(Thurgood Marshall for the shaping of current times; the sharpness for affirmative action for all):    To keep from voting down the gains that help the veteran & citizen to have civil & constitutional rights. Prejudice, bias, intolerance, narrow as the unfairness ate at him.    Women & Men pursued, "What are you going to do about it, March".    Then they laugh @ us.    Affirmative action for the law & legal practice favored the rich; in Chapman vs. SSA, no one wanted to pro bono in a fight against the gov't.    The Process of a business or a Gov'tal agency in which it gives special rights to hiring or advancement to ethnic minorities or veterans, to make-up for past

discriminations or for serving the country, goes against them, & what had been played out; or less privilege if the end result is not that of a high paid lawyer or one to argu on the Supreme Court Floor for a Minority, the injust will continue. Discrimination treated me differently, Negatively or Positively; rather than assessing Plaintiff's meds & conditions; the needs for the laws, policies, guidelines & administrative practices "intended to end & correct the effects of a specific form of discrimination," the impetus toward redressing the disadvantage associated with the impetus to ensure the public the veteran would be taken care of has to work.  Note the side that is addressing case regulations as a balance for an outcome, at Relevant Parts, ssr96-8p.  The due process in that is, whether it makes no distinction between laws designed to improve the conditions of freed slaves & their descendants & those that penalize that population.  So there is a Presence that the 4th Circuit didnot want to hear in the accountability for the Law in Whole to address the deviation by the ALJ to isolate & quarantine & than exclude or accept at ssa96-8p.  Establishing an official policy & dialog by the Courts in the Substantial Evidence of VA, in an Inter-Agency Matter.  Then there are no results under a Decision to show "Errors" ... and similar conditions De facto to the meaning of wrongful Termination ... as much as ever the De Jure meaning of the laws in Administrative Decisions ... thus, look to why management said the Plaintiff quite his job; as Plaintiff stated he Resign due to Health ... Class Action Suit against SSA & why the Field Employee is not apart of the injustice on him as well.  Now look at the loop holes of the case of 1875 were the mind set of some is still about the freedom of the Black Man in the United States.  It also illustrated the Courts reluctance to engage in challenges of small cases of the mass public...to challenge the courts in ethics or Prudence for or in the Law.  In wake of Precedence for Binding & Unbinding Opinion to be heard by this Court, to justify Plaintiff's request.  From 1974 to 2005, Plaintiff had received a Master's Degree & a GS-11step2 grade in the Federal Gov't: Thus, seeking Restitution for a Non Commission Officer's Status, back monies owed; Disability Retirement - T2, SSA; His Federal Retirement Pension-FERS; and in light of the Opioid Crisis, a 15yr Gov't Service Pin, & Restitution for the Wrongful-Termination from employment of 5million dollars; for Hardship that placed the Plaintiff in his Poverty state of Mind & Economic conditions of low income living.  Mr. Chapman is being

treated like a <.  To say, if Class Action don't include all the people, than who will "Argu what is Reasonable Acceptance?

* The Bill of Rights - - Amendment 9, Rights not listed.

... Every Citizen should be aware that he has these rights in order to

protect them.

* Issues brought-out in case:

1.)  The right to be judge without error (or so call "Harmless Errors").

a.)  Deviations; Incomplete Reports; Inconsistence(s)

b.)  Elements of Hate; He must Fail; Field Employees to HQ

Employees; overlooking & not correcting of issues; that which

constitute Disbarment.

c.)  Disparage, Disparagement in lowing of the quality of the

Plaintiff's life:  Decisions based on not knowing if the decision is

of correct Legal standards.  To ignore Plaintiff for review on

Relevant Parts in the Courts ... Unfair Decisions.

2.)  How can the Head of the Judicial Branch of Gov't. be made to view a Constitutional Matter, if the US. Atty. Gen. is Head of the Court System: & Law Enforcement?  How can a case be adjudicated if the Judges don't know if the Lower Court Ruling is Legally Correct?  Then, how can the Supreme Court deny A Writ without Due Process?  The opposing factors in order to correct the wrong (38CFR, Veteran Relief, but not limited to PTSD to SSR96-8P, not limited to 76F.3d585,589(4th Cir) for 20CFR404.1520.

Sincerely,

Terry R. Chapman, Pro Se.